## Smith *v.* The East End Electric Light Company.

198   19
d200 544

198      19
28 SC  614
f 28 SC  617

198
37SC   215

*Negligence—Electric light wire—Improper insulation—Notice.*

An electric light company is not liable for the death of a person who is killed by touching a defectively insulated wire while painting a roof, where there is no evidence that the company had notice of the defective insulation and there is no evidence as to the cause of the defect.

Submitted Oct. 22, 1900.    Appeal, No. 28, Oct. T., 1900, by plaintiff, from order of C. P. No. 3, Allegheny Co., Aug. T., 1899, No. 163, refusing to take off nonsuit in case of David Smith, administrator of the estate of Mattie Driver v. The East End Electric Light Company, Allegheny County Light Company and the Philadelphia Company.    Before McCol-lum, C. J., Mitchell, Fell, Brown, Mestrezat, and Pot-ter, JJ.    Affirmed.

Trespass for the death of husband of plaintiff's decedent. Before Evans, J.

At the trial it appeared that on March 27, 1899, George W. Driver who was the husband of plaintiff's decedent was killed by touching an electric wire while painting the roof of the house of S. Zoch in Pittsburg.    The evidence showed that the wire at the point where the deceased was found clutching it was defectively insulated, but there was no evidence as to the cause of the defective insulation, or that the defendant had notice of the defect.    The action was originally brought by the widow of the decedent, who died before the trial leaving minor children, and her administrator was substituted.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Richard A. Kennedy,* cited in his printed brief: Griffin v. United Electric Light Co., 164 Mass. 492; s. c., 6 Am. Elec. Cases, 252; McLaughlin v. Louisville Electric Light Co., 6 Am. Elec. Cases, 255; Suburban Electric Co. v. Nugent, 6 Am. Elec. Cases, 238.

*P. C. Knox, James H. Reed* and *George E. Shaw*, for appellee, cited in their printed brief: Kepner v. Harrisburg Traction Co., 183 Pa. 24; East End Oil Co. v. Penna. Torpedo Co., 190 Pa. 350; Mixter v. Imperial Coal Co., 152 Pa. 395; Phila. & Reading R. R. Co. v. Hughes, 119 Pa. 301.

PER CURIAM, January 7, 1901:

As nothing appears in the evidence to support the plaintiff's claim in this case, our conclusion is that the court below committed no error in entering and refusing to take off the nonsuit complained of.

Judgment affirmed.