# Stark, Appellant, v. Lancaster Electric Light, Heat & Power Company.

*Negligence—Electric light company—Live wire—Safety appliance—Custom—Evidence—Nonsuit.*

While companies using electricity are held to the highest degree of care practicable and are required to take every reasonable precaution suggested by experience and known dangers, it is not for a jury, without

evidence, to set up a standard of care as to a matter not within the range of common knowledge.

In an action against an electric light company to recover damages for a death resulting from contact with a telephone wire which had become charged by dropping on to a wire of the defendant company during a storm, the defendant company cannot be charged with negligence in not maintaining a guard or screen above its wire to prevent their contact with the telephone wires in the event of the breaking of the latter, where there is no testimony to show that the erection of guards was a reasonable precaution to avoid accidents, or that it was customary or practicable to maintain them.

Argued May 20, 1907. Appeal, No. 193, Jan. T., 1906, by plaintiff, from order of C. P. Lancaster Co., May T., 1902, No. 13, refusing to take off nonsuit in case of Kate Stark v. Lancaster Electric Light, Heat & Power Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's son. Before HASSLER, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*B. F. Davis*, for appellant.—The case was for the jury: Daltry v. Electric Light, Heat & Power Co., 208 Pa. 403; Block v. Milwaukee Street Ry. Co., 89 Wis. 371 (61 N. W. Repr. 1101); Western Union Tel. Co. v. State, 82 Md. 293 (33 Atl. Repr. 763); City Electric Street Ry. Co. v. Conery, 31 L. R. A. 570; Com. Electric Co. v. Melville, 210 Ill. 70 (70 N. E. Repr. 1052); N. Y. & N. J. Telephone Co. v. Bennett, 62 N. J. L. 742 (42 Atl. Repr. 759); Newark Electric Light, etc., Co. v. Ruddy, 62 N. J. L. 505 (41 Atl. Repr. 712); Haynes v. Gas Co., 114 N. C. 203 (19 S. E. Repr. 344); Fox v. Village of Manchester, 183 N. Y. 141 (75 N. E. Repr. 1116); Linton v. Weymouth Light & Power Co., 188 Mass. 276 (74 N. E. Repr. 321); Keasbey on Electric Wires (2d ed.) sec. 228 p. 252; Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540; Dillon v. Light Co., 179 Pa. 482; Turton v. Powelton Electric Co., 185 Pa. 406; Trenton Pass. Ry. Co. v. Cooper, 60 N. J. L.

219 (37 Atl. Repr. 730); Morgan v. Westmoreland Electric Co., 213 Pa. 151.

*Wm. R. Brinton*, with him *W. F. Beyer* and *W. U. Hensel*, for appellee.—It was the duty of the plaintiff to clearly establish the cause of the accident: Price v. Lehigh Valley R. R. Co., 202 Pa. 176; Wagner v. Traction Co., 212 Pa. 132; Sandt v. North Wales Foundry Co., 214 Pa. 215; Alexander v. Penna. Water Co., 201 Pa. 252; Allen v. Kingston Coal Co., 212 Pa. 54.

OPINION BY MR. JUSTICE FELL, June 3, 1907:

The death of the plaintiff's son was caused by an electric shock received from a wire of the Pennsylvania Telephone Company which had broken during a severe sleet storm, at night, and hung down to a pavement in the city of Lancaster. The telephone company had a number of wires on the street which were suspended at a height of forty or fifty feet. The wire of the defendant company ran parallel to the wires of the telephone company and were on separate poles from eight to fifteen feet below them. No one knew when the wire broke, but the circumstances connected with the accident would indictate that it fell when the deceased was walking under it. The defendant's wires were insulated and it was not shown that there was any defect in the insulation. After the close of the argument for a nonsuit, an offer was made by the plaintiff to prove that the telephone wire in falling had come into contact with the electric light wire and that the insulation of the latter had been worn off by friction at the point of contact. This offer was overruled, but in disposing of the motion to take off the nonsuit, the case was considered as if the offer had been proved.

The main contention of the appellant is that the defendant was negligent in not maintaining a screen or guard over its wires to prevent their contact with the wires of the telephone company in the event of the breaking of the latter. There was no testimony to show that the erection of guards was a reasonable precaution to avoid accidents, nor that it was customary or practicable to maintain them. While companies using electricity are held to the highest degree of care prac-

ticable and are required to take every reasonable precaution suggested by experience and known dangers, it is not for a jury without evidence to set up a standard of care as to a matter not within the range of common knowledge. In Aument v. Penna. Telephone Company, 28 Pa. Superior Ct. 610, a case in which the same question was involved, it was said by RICE, P. J.: "If, therefore, there had been evidence that it is customary or, if not customary, that it is practicable for telephone companies to maintain guard wires under the circumstances proved at the trial, the plaintiff's case would present a different aspect. But we cannot say that this was a question of fact upon which the generality of mankind are so well informed that the jurymen drawn from the ordinary walks of life ought to have been permitted to determine it without evidence, and then make their finding the basis of an inference that the omission to maintain such wires in the present instance was negligence, and the proximate cause of the injury complained of."

There is no merit in any of the assignments of error.

The judgment is affirmed.