# Kahn, Appellant, v. Kittanning Electric Light Company.

*Negligence—Electric light company—Broken live wire—Death—Evidence.*

In an action against an electric light company to recover damages for the death of a boy thirteen years old, binding instructions for the defendant are proper where the evidence shows that the boy left his home for his work about seven o'clock on the morning of the accident, that a few moments later he was found lying upon the street suffering from a severe burn in the hand caused by contact with a broken live wire belonging to defendant, from which burn he subsequently died; and there is no evidence to show what caused the break in the wire, nor how long the wire lay upon the ground after it was broken.

Argued Oct. 10, 1912. Appeal, No. 191, Oct. T., 1912, by plaintiff, from judgment of C. P. Armstrong Co., March T., 1911, No. 150, on verdict for defendant in case of Henry M. Kahn and Margaret B. Kahn, his wife v. Kittanning Electric Light Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's son. Before PATTON, P. J.

The facts are stated in the opinion of the Supreme Court.

The trial judge charged as follows:

In this case the court regrets very much to have to

take the case from the jury, and to decide it for itself. The Supreme Court has laid down the rule that such responsibility must often be assumed by the court, and we do not desire to evade or shirk our responsibility, however much we would prefer to submit the case to the decision of the jury.

[We have been asked on the part of the defendant to instruct you that under all the evidence in this case your verdict must be in favor of the defendant. We feel constrained under the testimony, after we have read a number of cases and decisions of the Supreme Court to grant that request, and say that you should return a verdict in favor of the defendant.] (2)

[In this case there is no question that this young man met his death in a very unfortunate manner. But before a verdict should go against the defendant, it is incumbent on the plaintiff to show some specific act of negligence on the part of the defendant. There is testimony in the case that these poles were erected 184 feet apart, and while in some places the ordinary rule is to erect their poles from 100 to 120 feet apart, there is not sufficient evidence that it was the distance between these poles that caused the injury to this boy.] (3)

[If there had been testimony, that by reason of those poles being erected such a distance apart, or if there had been testimony that on account of no guy-wires being fixed to the poles, and that that was the immediate and proximate cause of the accident, then the plaintiff in this case could have recovered. The nearest we have to that is the testimony of Mr. Bell, who testifies that he saw these wires and poles before the accident, and that he saw them afterward, and he infers and says it is his opinion that these wires being so close together and sagging as he describes them, may have come together that night, and that that may have been the cause of this wire falling down. Mr. Bell did not know where this wire came apart, whether it was in the middle between the two poles, or close to either one of them. He says

that ordinarily there would be a mark on the other wire showing where the wires came together, but there is no evidence as to that.  So at most it is but a conjecture or guess, and the law seems to us to be plain, that the plaintiff has not complied with the requirements of the law, that is that they have not produced such certain evidence or such evidence upon which the jury could decide the case.  As we look at it, under the law, it is our duty in this case to direct a verdict in favor of the defendant.] (4)

Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were (2-4) above instructions quoting them.

*C. E. Harrington,* with him *J. H. Painter,* for appellants.—The case was for the jury: Morgan v. Westmoreland Electric Co., 213 Pa. 151; Dutton v. Philadelphia B. & W. R. R. Co., 32 Pa. Superior Ct. 630; Eagle Hose Co. v. Electric Light Co., 33 Pa. Superior Ct. 581; Fitzgerald v. Edison Elec. Ill. Co., 200 Pa. 540; Crowe v. Nanticoke Light Co., 209 Pa. 580; Turton v. Powelton Elec. Co., 185 Pa. 406.

*R. L. Ralston,* with him *H. A. Heilman,* for appellee. —The case resembles those of Lanning v. Pittsburgh Railways Company, 229 Pa. 575; Smith v. East End Electric Light Co., 198 Pa. 19; Aument v. Pennsylvania Tel. Co., 28 Pa. Superior Ct. 610.

It has been frequently decided that in such a case as this the rule of res ipsa loquitur does not apply: Kepner v. Traction Co., 183 Pa. 24; Patterson Coal & Supply Co. v. Rys. Co., 37 Pa. Superior Ct. 212.

OPINION BY MR. JUSTICE POTTER, January 6, 1913:

This was an action of trespass by Henry M. Kahn and his wife against the Kittanning Electric Light Com-

pany, to recover damages for the death of their son, alleged to have been caused by the negligence of the defendant company. On the morning of October 22, 1910, shortly before seven o'clock, the boy, who was thirteen years old, left the home of his parents to go to work. A few moments later he was found lying upon the street, suffering from a severe burn in the hand caused by coming in contact with a broken live wire belonging to defendant company. He was taken to the hospital, where tetanus subsequently developed from the injury, causing his death two weeks later. Upon the trial the court below directed a verdict for the defendant, on the ground that the evidence upon the part of plaintiffs was not sufficient to sustain a finding by the jury that the injury to the boy resulted from negligence on the part of the defendant. It was not shown what caused the break in the wire, nor did it appear how long the wire lay upon the ground after it was broken. The witness Pollock testified that the accident happened near his house; that about a quarter to seven he heard someone cry, and he went out and found the boy lying injured upon the pavement. As soon as he had taken the boy to the hospital near by, he notified the defendant company by telephone that the wire was down, and they at once sent a man to fix it. He said there had been a rain and wind storm during the night, and some electrical trouble. Our examination of the evidence leads us to the conclusion that the facts of this case do not bring it within the principle of the decision in Herron v. Pittsburgh, 204 Pa. 509, where a broken police call wire lay for several hours upon the street. In that case it was shown that the break was known to the police officials by nine o'clock in the morning, and the accident did not occur until late in the afternoon. It was held that the break in the wire was notice that it might become dangerous, and imposed upon the city the duty of prompt examination and care. So in Devlin v. Light Company, 192 Pa. 188, the live wire upon which plaintiff

stepped had been negligently left upon the sidewalk, by defendant's employees while they were engaged in readjusting the wires. But in the present case the evidence does not show how long the wire was broken before the accident; much less does it show that the defendant was negligent in not sooner discovering the break, or in failing to give the matter prompt attention after it did learn of its existence, and of the presence of the broken wire upon the street. In fact, counsel for plaintiffs placed but little emphasis upon this phase of the case, but sought rather to show that the method of construction of the line was faulty. His expert witness Bell suggested that the wires were too slack, and that this slackness may have become dangerous because by swaying, the wire may become crystallized at the point where it is fastened,.and may finally break at that point. But there was no evidence to show that as a matter of fact the wire did become crystallized, or that it did break at the point where it was fastened. Nor does the evidence show that the insulation was poor, at the place where the break occurred. As the trial judge said, the cause of the break in the wire was not shown by the testimony, and it was left as a mere matter of conjecture. It was not shown that the break occurred in the center of the span, or at such a distance from the pole that it must have been caused by the alleged defect of having too long a span.

In his opinion refusing the motion for a new trial in this case, the trial judge carefully analyzes the evidence, and points out clearly that the plaintiffs failed to show any specific act of negligence on the part of the defendant that can fairly be considered.as the proximate cause of the injury. As he aptly says, the statements in the declaration and in the testimony of the witnesses, were merely conclusions, and did not set forth facts which could properly be held to constitute negligence. We agree with his conclusion that the case is within the principle of the decision in Smith v. East End Electric

Light Company, 198 Pa. 19; Aument v. Telephone Company, 28 Pa. Superior Ct. 610, and Lanning v. Pittsburgh Railways Company, 229 Pa. 575. It was there held that it was not enough to prove the mere fact of the breaking of a wire, which caused injury. The question for the jury was, "Did the negligence of the defendant company cause it to break? If this did not appear, there was no liability upon the defendant." In the case at bar, as the evidence did not show the cause of the break in the wire, or that the company failed to remedy the trouble with due and reasonable alacrity, the trial judge was justified in withdrawing the case from the jury.

The assignments of error are overruled, and the judgment is affirmed.