Morris et ux. *v.* Jefferson Electric Co., Appellant.

*Negligence—Statement of claim—Evidence—Preliminary question for court—Practice, C. P.*

1. Where the statement of claim in an action of trespass specifically charges negligence, on the trial a preliminary question is presented to the court whether there is evidence to support the charge; if it does not appear, it is the duty of the court to withdraw the case from the jury.

*Negligence—Circumstantial evidence—Proximate cause — Burden of proof.*

Negligence may be established by circumstantial evidence fairly leading to the conclusion that the specific act of negligence existed, was the proximate cause of the accident, and that no exculpating causes could be reasonably inferred therefrom. The burden of proving this affirmatively is on plaintiff.

*Negligence — Electric light companies — Defective wires near trees—Infant—Express and constructive notice.*

3. A company using a dangerous agency, like an electric current of high power, is bound to the highest degree of care practicable to avoid injury to any one lawfully within its proximity; but the ordinary person must know that danger attends contact with electric wires. This rule, however, does not apply to a child of immature years.

4. The court will not hold as a matter of law that an electric light company is guilty of negligence in permitting its wires to be constructed close to trees or branches that might fall over them as they pass through wooded districts.

5. But where a small transmission wire is so strung that its insulation is worn off by a swaying branch, and is otherwise in an obviously defective condition, and it breaks, killing a minor under fourteen years, the company is liable for the boy's death; especially is this so, where it appears the same wire had previously broken, and been repaired by the company a number of times.

6. The evidence was held sufficient to justify the jury in finding both constructive and express notice.

Argued September 24, 1923. Appeal, No. 1, Oct. T., 1924, by defendant, from judgment of C. P. Jefferson Co., Aug. T., 1922, No. 369, on verdict for plaintiff, in case of Edward Morris, Sr., and Kathryn Morris, his wife, v. Jefferson Electric Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's son. Before CORBET, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $2,897.75. Defendant appealed.

*Error assigned* was, inter alia, in refusing judgment n. o. v., quoting record.

*Raymond E. Brown,* with him *George W. Means,* for appellant.—There was no case for the jury: Sandt v. Foundry Co., 214 Pa. 215; McClain v. Henderson, 187 Pa. 283; Alexander v. Water Co., 201 Pa. 252; Lanning v. Ry., 229 Pa. 575; Kahn v. Electric Light Co., 238 Pa. 70; Patterson C. & S. Co. v. Ry., 37 Pa. Superior Ct. 212; Cavanaugh v. Light Co., 226 Pa. 86; Williams v. Edison Co., 267 Pa. 158; King v. Coal Co., 275 Pa. 369.

*Charles J. Margiotti,* with him *Jesse C. Long,* for appellees, cited: Zinkiewicz v. Illuminating Co., 53 Pa. Superior Ct. 572; Donnelly v. Electric Co., 258 Pa. 580; Eagle Hose Co. v. Electric Co., 33 Pa. Superior Ct. 581; Crowe v. Light Co., 209 Pa. 580; Yeager v. Electric Co., 246 Pa. 434; Erie Co. Electric Co. v. Telephone Co., 265 Pa. 181; Fitzgerald v. Edison Co., 200 Pa. 540; Dillon v. Light Co., 179 Pa. 482; Mullen v. Electric Co., 229 Pa. 54; Dugan v. Electric Co., 241 Pa. 259; Mooney v. Boro., 186 Pa. 161.

OPINION BY MR. JUSTICE KEPHART, January 7, 1924:

Appellees' son, a minor child under the age of fourteen, was killed by a current of electricity coming from a high-power transmission line that had broken and fallen to the ground. The boy was walking along a permissive highway or path along and over which, at the place of the accident, the transmission line had been strung. The court below sustained a recovery, and this appeal is taken therefrom. The principal question urged by appellant is whether the evidence of negligence was sufficient to permit such recovery from the company. The statement of claim charged negligent construction, maintenance and operation of the transmission line. Whether there was evidence to support the charge is a preliminary question for the court; if it does not appear,

it is the duty of the court to withdraw the case from the jury.

Negligence may be established by circumstantial evidence fairly leading to the conclusion that the specific act of negligence existed, was the proximate cause of the injury, and no exculpatory causes could be reasonably inferred therefrom: Cavanaugh v. Allegheny County Light Co., 226 Pa. 86; Williams v. Metropolitan Edison Co., 267 Pa. 158; Lanning v. Pittsburgh Rys. Co., 229 Pa. 575. The burden of proving this affirmatively was on the appellees.

Appellant maintained an electric power line of twenty-three hundred volts intensity from its plant in Punxsutawney to near-by coal mines. The transmission line consisted of three wires, strung on poles. The part of the line here involved passed through a piece of woodland, paralleling an old abandoned tram road used as a permissive way for many years. At the place of the accident a branch of a tree extended across this way from three to six inches above the wires. On September 11, 1921, there was a storm in this vicinity; the limb broke and fell to the side of the tree to which it was still attached. At a point opposite and under this limb one of the wires likewise broke and fell to the ground. About noon appellees' son, in company with some other boys, while walking along the path, picked up the broken wire and was instantly killed.

As tending to show negligence in improper construction and maintenance, and constructive notice of the wire's defective condition, it was shown this wire had been broken and spliced a number of times before, some occurring a very short time prior to the accident. The wire was worn thin where it parted; the marks on the limb indicated a contact that caused it to sear, the wire's insulation to burn off and the wire to thin. At different places on this line the insulation was burned or worn off, so that it presented a ragged appearance indicative of

age or rough usage.  On wet days an electric arc could be seen coming from the tree as the sagging wire rubbed or approached the limb.  Two weeks before, this wire had broken near the same place, shocking a lad coming in contact with it.

A company using a dangerous agency, like an electric current of high power, is bound to the highest degree of care practicable to avoid injury to any one lawfully within its proximity, but ordinary persons must all know danger attends contact with electric wires: Haertel v. Pennsylvania Light & Power Co., 219 Pa. 640.  The latter rule does not apply to a child of immature years. While electric companies are bound to this degree of care, we cannot hold as a matter of law that they would be guilty of negligence in permitting their wires to be constructed close to trees or branches that might fall over them as they pass through wooded districts.  Generally it is well nigh impossible to keep far enough away, and, in cities and boroughs, with shade trees along the streets, it may be easily understood why it would be very difficult to construct lines to absolutely clear these trees.  The rules of the Public Service Commission require the wires to be cleared of a certain amount of foliage, and well regulated companies no doubt endeavor to keep all these disturbing causes as far as possible from their lines.

If the only evidence in the record to sustain the verdict was the wire strung close to the limb of the tree, the result of whose breaking caused the accident, we would hesitate to sustain appellees' contention.  But we do not have simply an accident from a broken wire charged with electricity (Kahn v. Kittanning Electric Light Co., 238 Pa. 70), or a wire struck by lightning, or torn by high winds or some unavoidable cause, or a wire broken down by an unusual sleet storm (Aument v. Pa. Telephone Co., 28 Pa. Superior Ct. 610) or merely the fact that it was close to the limb of a tree: Gillespie v.

Andrews, 27 Ga. App. 509, 108 S. E. 906. Here we have a No. 6 wire strung on poles from twelve to thirteen feet high, spaced at a distance of one hundred and sixty-five feet. The wire was very small for such span; it must carry its own weight and the additional weight of a branch which an ordinary wind might carry against it. As a result of such construction it came in contact with the limb; the constant rubbing of the wire against the swaying branch wore off the insulation, already weather worn. The obvious thing happened,—the wire broke, as it had done before. Had this break been the first, the company might well argue it had no notice; but one, certainly two, of these breaks, with the wire's apparent condition, should have been sufficient to cause the company to replace the wire with one more in keeping with the undertaking. The evidence was not only sufficient for the jury to find a defective wire, but also to charge the company, through its repeated repairs, with express notice of such condition. The facts in this case bring it well within the law heretofore announced, and the court did not err in refusing to disturb the verdict: Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540; Dillon v. Allegheny County Light Co., 179 Pa. 482; Mullen v. Wilkes-Barre Gas and Electric Co., 229 Pa. 54.

The judgment of the court below is affirmed.