50 P.(2d) 259

CRESPIN v. ALBUQUERQUE GAS & ELECTRIC CO.

No. 4104.

Supreme Court of New Mexico.
Oct. 5, 1935.

W. A. Keleher and Theo. E. Jones, both of Albuquerque, for appellant.

Mechem & Hannett, of Albuquerque, for appellee.

HUDSPETH, Justice.

Judgment was entered upon the verdict of a jury for personal injuries received in a city park from an electric power line. This appeal followed.

According to the theory of appellant's lineman, the break in the wire was caused by a "tall slender tree" being blown by the wind against the wires from time to time, which wore off the insulation until it was insufficient to imprison the current within the wires, and during the storm on the afternoon of the accident the wind pressed the tree against the wires, causing the wires to come in contact with each other, which resulted in a short circuit. The wires burned in two and fell to the ground. The line had been down at least once before at or near this point during its two or three years' existence. The park was a playground open to the public. The appellee testified that on the day of the accident one Lavato, a fellow employee of the city, told him that their boss had ordered them to put up the wires; that the current had been turned off; that he took hold of one wire and was wrapping it around a tree above

his head when he received the shock and other injuries from the electric current. There was also testimony as to the character of short circuit breaker in use on this line at the time of the accident, one of the points in dispute, and also as to the location of "the tall slender tree," with reference to its proximity to appellant's power line, it being contended by appellee that there was negligence in constructing the line so close to the tree; also that appellant was guilty of negligence in failing to remedy the condition after the first break in the line at that point. That proper inspection would have disclosed the menace of the tall slender tree to the maintenance of the wires intact.

The first point relied upon for reversal is that there was no substantial evidence of negligence on the part of appellant. Mr. Justice Lockwood, in Salt River Valley Water Users' Asso. v. Compton, 39 Ariz. 491, 8 P.(2d) 249, 250, said: "The law in regard to the proper handling of electric currents is of comparatively recent development, and is still to a great extent in its formative period. The decisions on the subject are in apparent hopeless contradiction, and cases can be found supporting almost any view as to the extent of the responsibility of those engaged in dealing with such currents. We think the best rule in regard to the care necessary in handling highpower transmission lines may be stated as follows: 'Those engaged in transmitting such a dangerous force as electricity, which gives no warning of its presence and is not apparent to the senses, are required to exercise a degree of care in constructing and maintaining the wires over which it is transmitted commensurate with the danger to be apprehended from contact with such wires or the escape of electricity therefrom; but they are not insurers against accidents or injuries.' See Bunten v. Eastern Minnesota Power Co., 178 Minn. 604, 228 N. W. 332, 333."

And Judge Kenyon in Dierks Lumber & Coal Co. v. Brown (C. C. A.) 19 F.(2d) 732, 735, said: "The defendant in carrying on the business of selling and conveying over its wires a dangerous electric current, while not an insurer of the safety of those who might rightfully use the same, was required to exercise a high degree of care to protect those likely to come in contact therewith commensurate with the dangerous character of, and consistent with the practical operation of, the business. That duty extended not only to the erection, maintenance, and operation of its plant and apparatus, but likewise to inspection thereof to discover defects."

The evidence, while circumstantial, was sufficient to justify the jury in believing that the break in the line was caused by the tall slender tree being blown against the wires, as outlined above. Hepp v. Quickel Auto & Supply Co., 37 N. M. 525, 25 P.(2d) 197; Sullivan v. Mountain States Power Co., 139 Or. 282, 9 P.(2d) 1038. It is not claimed that the storm on the day of the accident was unusual. A high degree of care was required of appellant to maintain the wires intact in the park frequented by

men, women, and children. The degree of diligence in proper construction of the power line so as to avoid contact with trees in a public park which would result in the parting of the wires, and in the removal of menaces of this sort which was necessary to constitute due care was, partially at least, a question of fact for the jury. Gilbert v. New Mexico Construction Co., 39 N. M. 216, 44 P.(2d) 489. In Runkle v. Southern Pacific Milling Co., 184 Cal. 714, 195 P. 398, 399, 16 A. L. R. 275, it is said: "It is idle to discuss upon appeal to this court the weight of the evidence upon which the judgment rests, and, of course, it is only when the facts of a given case are not in any event or in any view of the case susceptible to the inference of negligence sought to be deduced therefrom that the question of negligence becomes one of law for the sole consideration of the court rather than one of fact for the determination of the jury."

■ The next point relied upon for reversal is the defense of contributory negligence. Appellee had tended for two seasons a pump located in the park near the scene of the accident, driven by the current from this power line. He knew that the line carried a heavy load of electricity. He put on gloves before taking hold of the wire, and there was testimony to the effect that he hesitated, or at first refused to help Lavato put up the wires. Also that he was warned by another workman to let the wires alone. He testified that he picked up the wire without thinking. Appellant argues that under the facts stated the appellee was guilty of negligence as matter of law. It is a well-recognized rule that one who voluntarily puts himself in contact with a live wire after he has had time to think, knowing it to be charged with a dangerous current, is guilty of contributory negligence. Barnett v. Des Moines Electric Co. (C. C. A.) 10 F.(2d) 111, where a review of the cases by Judge Phillips will be found.

But the testimony of appellee that he had been informed that the current had been turned off puts a different aspect on the question. This court is unable to say that the appellee was so palpably negligent that reasonable minds could not differ one from the other on the question as to whether he acted as a reasonably prudent man would have acted under the same circumstances. We recently said: "Where reasonable men may fairly differ upon the question as to whether there was contributory negligence or not, the determination of the fact is for the jury." Russell v. Davis, 38 N. M. 533, 37 P.(2d) 536, 539.

■ Over objection that it was hearsay, the appellee was permitted to testify that Lavato had stated to him that the current had been turned off. This testimony falls in one of the well-recognized exceptions to the hearsay rule. 22 C. J. 284. Professor Wigmore says: "Wherever an utterance is offered to evidence the state of mind which ensued in another person in consequence of the utterance, it is obvious that no assertive or testimonial use is sought to be made of it, and the utter-

ance is therefore admissible, so far as the Hearsay rule is concerned." Wigmore on Evidence (2d Ed.) § 1789.

It is argued that the burden of showing that Lavato was not available was on appellee, but there seems to be no rule of preference between witnesses in the establishment of the fact that the statement was made, the truth of the statement not being in issue. 22 C. J. 975; Wigmore on Evidence (2d Ed.) § 1286.

Appellant objected to the following instruction on the ground that it was not a correct statement of the law; that there had been no testimony in the case of negligence on the part of the city of Albuquerque, and the fact that the city of Albuquerque may have been negligent, and assuming that negligence was shown on its part, that that negligence would not make the appellant liable: "You are instructed that if you find for the plaintiff that the defendant was negligent, and the plaintiff was himself exercising due care, and that said negligence was the proximate cause of the injuries the plaintiff complained of; then if the negligence of the defendant, combined and united with the negligence of the City of Albuquerque to cause the injury, nevertheless the plaintiff is entitled to recover damages from the defendant."

The instruction correctly states the law. Gilbert v. New Mexico Construction Company, supra.

Appellant urges that even if it is a correct statement of the law it was error to give it because there was no evidence of negligence on the part of the city of Albuquerque, and cites Cerrillos Coal R. R. Co. v. Deserant, 9 N. M. 49, 49 P. 807; Schmidt v. Southwestern Brewery & Ice Co., 15 N. M. 232, 107 P. 677; Thayer v. D. & R. G. R. R. Co., 21 N. M. 330, 154 P. 691; Security Trust & Savings Bank v. Ravel, 24 N. M. 221, 173 P. 545. Appellee contends that the city was negligent in permitting the condition to obtain in the park, which we have held to furnish substantial evidence of negligence on the part of appellant. But we deem it unnecessary to pass upon this question, since the jury could not have been misled by the instruction to appellant's prejudice. Appellee sued the city of Albuquerque and appellant as joint tort-feasors. The city demurred on the grounds that it was acting in a governmental capacity, and that the injury was due to the negligence of his fellow servant. The demurrer was sustained, and the appellee amended by dismissing as to the city. The question whether or not the city was negligent is one of the issues made by the pleadings of appellant and appellee. If we admit that the instruction assumes a fact not in evidence, no harm could result to appellant for the reason that the jury could not consider the assumed fact under the instruction until they had found against appellant.

Instruction No. 4 reads as follows: "The Court instructs the jury that it was the duty of the defendant to use and exercise due care in the construction, management, and maintenance of its wires, which carried a current of electricity at the place where the plaintiff was injured, and

it was also the duty of said company to exercise and use due care to properly protect and support said wires, and to inspect and keep the same in repair, and to exercise and use due care not to permit said wires to become so defective as to cause them to break or fall upon the ground over which said wires were suspended, or to permit them to remain charged with a current of electricity while fallen upon or near said place where the plaintiff was injured; and if the jury believe from the evidence that the defendant failed to observe said duties, or any of them, and that because of such failure on the part of said company, if any, the said wires were broken and fell to the ground and injured the plaintiff while in Rio Grande Park, and that because of said failure, if any, the said wires came in contact with and shocked and injured the plaintiff while in or upon said Rio Grande Park, then the jury should find for the plaintiff."

Objection was made to this instruction on the ground that it is indefinite as to what negligence consists of, and that there is no proof to substantiate the requested instruction as to negligence. The instruction properly covered construction, management, and maintenance. We have held that there was substantial evidence of negligence. Apparently proper inspection after the first break of the wires at or near the place where appellee was injured would have disclosed the menace which caused the break on the day of the accident. Repeated repairs have been held sufficient to charge the electric company with express notice of the condition which caused the break in the line. Morris v. Jefferson Electric Co., 278 Pa. 361, 123 A. 321.

Instruction No. 6 contained the following: " * * . * and that the plaintiff, without contributory negligence on his part, and while acting as an ordinarily prudent man would have acted under like circumstances, came in contact with said broken power line and thereby sustained the injuries. * * *"

Objection was made to the use of the phrase "came in contact with," it being admitted that appellee voluntarily picked up the wire. This inaccuracy was cured by the unobjectionable instructions on contributory negligence.

The permitting of Juan G. Baca to sit as a juror is assigned as error. Baca had known the appellee eight years, and had worked with him during elections, and was his friend. He did not know of the injury suffered by appellee until he was informed of it while in the courtroom. There is nothing in the record to show that the juror was disqualified. There was no such intimacy shown to exist between the juror and appellee as would disqualify him. State v. Burrus, 38 N. M. 462, 35 P.(2d) 285.

We find no merit in the point that the court erred in restricting the cross-examination of the witness Prager. The witness was the manager of appellant and was placed upon the stand by the appellee for the purpose of proving the manner of the operation of the short circuit breaker

in use on the power line. On cross-examination he was asked by his company's counsel: "Is it the best known and latest device in connection with that operation?" The court sustained an objection on the ground that it was improper cross-examination and because counsel for appellee did not go into the question of whether or not it was the best device. The court has a wide discretion in limiting the cross-examination of a party. Pearce v. Strickler, 9 N. M. 467, 54 P. 748; 70 C. J. 663. In Morrill v. Jones, 26 N. M. 32, 188 P. 1108, 1109, we quoted with approval 5 Jones on Evidence, § 821: "In other words, all matters that may modify, explain, contradict, rebut, or make clearer the facts testified to in chief by the witness may be gone into on cross-examination." The question does not come within the rule.

The last point is based upon alleged improper argument by counsel for appellee. The objectionable remark is subject to more than one interpretation, and the learned trial judge commented upon it at length in the presence of the jury. It is not clear that the court erred in overruling a motion to recall the jury and instruct it to disregard the remark.

Finding no reversible error in the record, the judgment should be affirmed, and it is so ordered.

SADLER, C. J., and BICKLEY and ZINN, JJ., concur.

BRICE, J., did not participate.