## Patterson Coal & Supply Company, Appellant, *v.* Pittsburg Railways Company.

*Negligence—Street railways—Breaking of trolley wire—Killing of horses—Presumption—Evidence.*

An action against a street railway company to recover damages for the death of two horses, cannot be sustained where the only evidence offered by the plaintiff is that a trolley wire broke, fell upon the horses passing beneath it, and killed them. In such a case the maxim res ipsa loquitur has no application.

The maxim res ipsa loquitur is in itself the expression of an exception to the general rule that negligence is not to be inferred but to be proved affirmatively. The ordinary application of the maxim is limited to cases of an absolute duty, or an obligation practically amounting to that of an insurer. Cases not coming under one or both of these heads must be those in which the circumstances are free from dispute and show, not only that they were under the exclusive control of the defendant, but that in the ordinary course of experience, no such result follows as that complained of.

Argued April 17, 1908. Appeal, No. 192, April T., 1908, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1903, No. 693, on verdict for defendant in case of Patterson

Coal & Supply Company v. Pittsburg Railways Company. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Trespass to recover damages for the death of two horses. Before Swearingen, P. J., specially presiding.

The facts appear by the opinion of the Superior Court.

The court gave binding instructions for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*A. C. Johnston,* for appellant, cited: Uggla v. West End St. Ry. Co., 160 Mass. 351 (35 N. E. Repr. 1126); Giraudi v. Electric Imp. Co., 107 Cal. 120 (40 Pac. Repr. 108); Volkmar v. Ry. Co., 134 N. Y. 418 (31 N. E. Repr. 870); Haynes v. Raleigh Gas Co., 114 N. C. 203 (19 S. E. Repr. 344); Alexander v. Nanticoke Light Co., 209 Pa. 571; Crowe v. Nanticoke Light Co., 209 Pa. 580; East End Oil Co. v. Torpedo Oil Co., 190 Pa. 350; Fitzgerald v. Electric Illuminating Co., 200 Pa. 540.

*Don Rose,* with him *Clarence Burleigh, James C. Gray* and *Wm. A. Challener,* for appellee, cited: Kepner v. Harrisburg Traction Co., 183 Pa. 24; Uggla v. Ry. Co., 160 Mass. 351 (35 N. E. Repr. 1126); Smith v. East End Electric Light Co., 198 Pa. 19; Aument v. Tel. Co., 28 Pa. Superior Ct. 610; Giraudi v. Electric Imp. Co., 107 Cal. 120 (40 Pac. Repr. 108); Volkmar v. Ry. Co., 134 N. Y. 418 (31 N. E. Repr. 870); Haynes v. Raleigh Gas Co., 114 N. C. 203 (19 S. E. Repr. 344); Alexander v. Nanticoke Light Co., 209 Pa. 571; East End Oil Co. v. Torpedo Co., 190 Pa. 350; Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540.

Opinion by Porter, J., October 12, 1908:

The plaintiff brought this action to recover the value of two horses which had been killed, while being driven along a public highway, by the falling of a trolley wire. The state-

ment averred that "the injuries complained of were wholly due to the carelessness and negligence of said defendant in the construction of said wire and their failure to keep the same in a sound and safe condition and proper state of repair." At the trial the plaintiff produced evidence that the horses were being driven by their servant along a public highway, leading from the City of Pittsburgh to the Borough of Esplen, that there was a double track street railway along the highway and, the road being narrow, the horses drawing a heavy wagon were being driven along one of the railway tracks, and that the trolley wire suddenly broke and fell upon the horses, the electric current killing both of the horses within two minutes. This was the only evidence as to the circumstances of the accident or the cause which produced it. There was no evidence offered tending to show negligence in the construction, inspection or repair of the trolley wire or its attachments, and if negligence could be imputed to any person under the evidence it had to be inferred from the mere fact that the trolley wire fell. The court below gave binding instructions in favor of the defendant, and plaintiff appeals.

The plaintiff failed to produce evidence that the street railway upon which its horses were being driven or the trolley wire, which fell upon the horses, was the property of, had been constructed or was being operated by this defendant company, and the ruling of the court below could be sustained on that ground. Assuming, however, that the defendant company was the owner and operator of the street car line in question and responsible for the duty of keeping the various appliances in repair, the evidence was still not sufficient to warrant the court below in permitting a jury to draw an inference of neglect upon the part of the defendant company. The trolley wire is an essential appliance in the operation of a street railway. The question raised by this specification of error is, ought a jury to be permitted to infer negligence upon the part of a street railway company from evidence which merely establishes that the trolley wire broke, without more? The general rule undoubtedly is that negligence must be affirmatively proved, and is not, in the absence

of a contract relation between the parties, to be inferred from the mere happening of an accident. The present chief justice said, in Oil Company v. Torpedo Company, 190 Pa. 350, "The maxim res ipsa loquitur is in itself the expression of an exception to the general rule that negligence is not to be inferred but to be proved affirmatively. The ordinary application of the maxim is limited to cases of an absolute duty, or an obligation practically amounting to that of an insurer. Cases not coming under one or both of these heads must be those in which the circumstances are free from dispute and show, not only that they were under the exclusive control of the defendant, but that in the ordinary course of experience, no such result follows as that complained of." This rule prevails even where a party is engaged in dealing with an element naturally dangerous: Smith v. Electric Light Company, 198 Pa. 19; Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540; Aument v. Pennsylvania Telephone Co., 28 Pa. Superior Ct. 610. There is no necessity for an extended discussion of the question raised by this record, which has been considered by the Supreme Court and determined adversely to the contention of the appellant, in a case which arose under almost similar circumstances: Kepner v. Traction Co., 183 Pa. 24. In that case the evidence established that a trolley wire broke and fell to the ground, frightening the horse of the plaintiff and resulting in the serious personal injury of the plaintiff. The wire did not in that case touch either the plaintiff or his horse, but the decision was not made to turn upon the absence of that incident. Whether evidence of the breaking of the trolley wire, without more, was sufficient to sustain an inference of negligence upon the part of the street railway company which maintained the wire, was the only question considered in the clear and able opinion of Judge McPherson who tried the case in the court of common pleas of Dauphin County. That learned judge held that a jury should not be permitted to infer negligence from such evidence alone, and the opinion clearly indicates that the case was made to turn upon that question. Near the conclusion of the opinion we find this significant sentence: "But I may point out in conclusion

that if I am wrong in the view I take of our own authorities, the facts now before the court present the question distinctly: shall negligence be presumed against a street railway company from the mere happening of an injury to a person on the highway, caused by an appliance of the company's business? There is nothing here except the single fact, that the wire broke; for anything that appears, it might have been struck by lightning, or blown down by a high wind, or broken by the fall upon it of a missile thrown by a stranger, or torn apart by some inevitable accident." This was also the view in which the case was considered by the Supreme Court, as is made manifest by the opinion of Mr. Justice McCollum: "The wire was an essential appliance of the defendant, in the operation of its road, and it is contended that the breaking of it raised a presumption of negligence which, unanswered, furnished adequate ground for a recovery in the suit in accordance with the plaintiff's claim. The learned court below thought that the circumstances shown by the evidence did not authorize the presumption contended for, and accordingly entered a nonsuit, which it refused to take off. The question presented by the appeal from the refusal to take off the nonsuit is whether the court erred in so holding." Careful consideration of the entire opinion of the Supreme Court in that case can only lead to the conclusion that the decision was based upon the ground that the plaintiff, in proving only that the trolley wire had broken, had not produced sufficient evidence to sustain a finding that the defendant had been guilty of negligence. That decision rules this case.

The judgment is affirmed.