# Cavanaugh, Appellant, v. Allegheny County Light Company.

*Negligence—Electric light company—Evidence—Death—Nonsuit.*

In an action against an electric light company to recover damages for the death of a boy seventeen years old, a nonsuit is properly entered where all that is proved is that the deceased was found upon the sidewalk of a street, his body in contact with a live wire; that a wire of the defendant which had been stretched along the street was broken with one end in contact with the body; and that prior to the accident the wire had emitted sparks at or near the point where it broke; where there was nothing to show what caused the break.

Argued Oct. 19, 1909. Appeal, No. 56, Oct. T., 1909, by plaintiff, from order of C. P. Allegheny Co., No. 934, Third Term, 1907, refusing to take off compulsory nonsuit in case of Florence Cavanaugh v. Allegheny County Light Company.

Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ.  Affirmed.

Trespass to recover damages for death of a boy seventeen years of age.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off, Swearingen, P. J., filing the following opinion:

The Allegheny County Light Company, the defendant, has the right to stretch wires upon poles located in the streets of the city of Pittsburg, for the purpose of transmitting electricity and selling the same for light and power purposes.  It had a line of wire stretched along poles upon Alder street, in the city of Pittsburg, on and before March 14, 1907.  On the morning of March 14, 1907, Charles R. Rainey was found upon the sidewalk of Alder street with a wire belonging to the defendant, in contact with his body.  He was badly burned and was dead at the time he was discovered.  The said Charles R. Rainey was, at the time of his death, about seventeen years of age.

Florence Cavanaugh, the mother of Charles R. Rainey, brought this action against the defendant, wherein she alleged that the defendant failed to exercise due care in erecting and maintaining its poles and wires and failed to maintain proper insulation on said wires for the protection of persons from electric shock, while walking along the streets of said city, and that through the negligent, careless and faulty equipment and defects in its wires and poles, the deceased received an electric shock from a live wire, which had broken and dropped from defendant's pole, which wire the defendant had wrongfully permitted to remain upon the said street without warning to anyone passing by.

It appeared at the trial that said Charles R. Rainey was found as above stated.  No one saw the accident and no direct testimony was given as to the facts relative to the accident which caused his death.  All that was proved was that Charles R. Rainey was found lying upon the sidewalk, his

body in contact with a live wire and that a wire of the defendant, which had been stretched along Alder street, was broken, one end of which was in contact with the body of said Rainey.

It must be admitted, under the decisions of our appellate court, that this proof was not sufficient to charge the defendant with negligence. The plaintiff went further, however, and offered testimony to show that the said wire had emitted sparks for some time previous to the happening of the accident, which caused the death of Charles R. Rainey, and the plaintiff argues that the inference could be drawn from said evidence that the said wire was not properly insulated, of which defect the defendant either knew or ought to have known. But this testimony did not show that this wire had been emitting sparks at or near the point where it broke. The wire had broken near the point where the body of Charles R. Rainey was found, but what caused it to break was, as we thought under this testimony, entirely a matter of conjecture. It is not enough for a plaintiff to show mere conjecture. The law imposes upon the plaintiff the duty of establishing the charge made, to wit, negligence. We thought at the trial that the plaintiff had failed to discharge the duty thus imposed upon her, and accordingly the plaintiff's motion for judgment of compulsory nonsuit was granted.

The plaintiff then moved that the nonsuit be taken off, and, after argument, we are not convinced that any error was committed in the granting of the motion at the trial.

The defendant also alleged that the plaintiff had not shown any cause of action residing in her. We think, however, that the testimony upon that question probably should have been submitted to the jury. But, upon the first ground alleged, to wit, that the plaintiff had failed to show negligence on the part of the defendant company, the nonsuit was granted, and the motion to take off said nonsuit is now refused.

*Error assigned* was order refusing to take off nonsuit.

*David E. Mitchell*, with him *William A. Griffith*, for appellant.—The case was for the jury: Morgan *v.* Electric Co., 213

Pa. 151; Mullen v. Wilkes-Barre Gas & Elec. Co., 38 Pa. Superior Ct. 3; Fitzgerald v. Edison Electric Co., 200 Pa. 540; Shafer v. Lacock, 168 Pa. 497; Daltry v. Media Gas, etc., Co., 208 Pa. 403; Shirey v. Gas Co., 215 Pa. 399; Devlin v. Beacon Light Co., 198 Pa. 583; McCoy v. Gas Co., 213 Pa. 367; Kerr v. R. R. Co., 169 Pa. 95.

*David A. Reed,* of *Reed, Smith, Shaw & Beal,* for appellee.— The burden of proof in a case of this description is upon the plaintiff: Smith v. East End Electric Light Co., 198 Pa. 19; Fitzgerald v. Illuminating Co., 200 Pa. 540; Weir v. Haverford Elec. Light Co., 221 Pa. 611.

The nonsuit was properly entered: Snodgrass v. Carnegie Steel Co., 173 Pa. 228; Alexander v. Penna. Water Co., 201 Pa. 252; Ott v. Boggs, 219 Pa. 614; Weir v. Elec. Light Co., 221 Pa. 611; Erie Ry. Co. v. Decker, 78 Pa. 293; Albert v. Ry. Co., 98 Pa. 316.

PER CURIAM, November 5, 1909:

Judgment affirmed on the opinion of the court below.