## Douds, Appellant, *v.* Beaver Valley Traction Company.

*Negligence—Street railways—Fall of trolley wire—Res ipsa loquitur.*
The mere fall of a trolley wire without any proof as to what caused the fall of the wire is not sufficient to convict a street railway company of negligence, or charge it with damages for injuries resulting from the fall of the wire.

Argued May 14, 1913. Appeal, No. 162, April T., 1913, by plaintiffs, from judgment of C. P. Beaver Co.,

478    DOUDS, Appellant, *v.* BEAVER VALLEY TRAC. CO.

Statement of Facts—Opinion of the Court.    [54 Pa. Superior Ct.

March T., 1912, No. 341, for defendant n. o. v. in case of Carl R. and Oliver V. Douds, partners trading as Douds Brothers, v. Beaver Valley Traction Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass for injuries to an automobile. Before HOLT, P. J.

At the trial the jury returned a verdict for plaintiff. Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant. n. o. v.

*Wm. A. McConnell,* for appellants, cited: Devlin v. Beacon Light Co., 198 Pa. 583; Philadelphia, etc., R. R. Co. v. Alvord, 128 Pa. 42; Citizens' Pass. Ry. Co. v. Foxley, 107 Pa. 537.

*D. A. Nelson,* for appellee, cited: Lanning v. Rys. Co., 229 Pa. 575; Aument v. Tel. Co., 28 Pa. Superior Ct. 610; Patterson Coal & Supply Co. v. Rys. Co., 37 Pa. Superior Ct. 212; Kepner v. Traction Co., 183 Pa. 24.

OPINION BY MORRISON, J., July 16, 1913:

This is an action in trespass for the recovery of damages for injury to plaintiffs' automobile. On November 22, 1911, the plaintiffs were the owners of an automobile and at the same time the defendant company operated a street railway in the borough of Freedom, Beaver county. In the operation of this street car line the defendant had suspended over and along a public highway in said borough, known as Third avenue, a trolley wire charged with electricity. While Oliver V. Douds, on November 22, 1911, was traveling along the public highway in one of plaintiffs' automobiles, with a street car following behind him on the same track, the trolley wire fell, striking the

driver on the head, and the wire becoming entangled in the wheels of the automobile, threw the vehicle to the side of the road wrecking it so that the plaintiffs averred that they sustained damages in the sum of about $400. The case was tried before the court and a jury and resulted in a verdict in favor of the plaintiffs for $403.50. At the trial the defendant's counsel asked for a binding instruction in favor of the defendant which question was reserved for answer upon motion for judgment non obstante veredicto. Subsequently, on motion, argument and consideration the learned court granted judgment in favor of the defendant non obstante veredicto. In support of that judgment the court, inter alia, used the following language: "The burden was on the plaintiffs to prove that the defendant's trolley wire, which fell and caused the damage to the plaintiffs' automobile, came down through the negligence of the defendant company. The plaintiffs offered no evidence, whatsoever, as to the cause of the breaking of the wire, except that a piece of wire found near the scene of the accident the next morning after the defendant's trolley wire had been repaired was somewhat worn and burnt; but the plaintiffs' own evidence, and the uncontradicted evidence of the witnesses for the defendant was to the effect that the trolley wire may have been burnt or fused after it broke and fell upon the automobile and the rails of the defendant's tracks. The testimony of the defendant's witnesses, which was uncontradicted, was to the effect that the break which caused the trolley wire to fall was not the severing of the trolley wire itself but a parting of a sleeve which contained the ends of two parts of the trolley wire, and that the fracture bore evidence of a fresh break. The evidence also showed that the construction at or near the point of the accident was better than the ordinary construction, and that the line had been inspected by employees of the defendant company at frequent intervals. We are not, therefore, satisfied that there was any evidence of negligence on the part of the defendant entitling the plaintiffs to recover. Under all of

the evidence the accident seems to have been an unavoidable one. The mere happening of the accident did not raise any presumption of negligence on the part of the defendant." Citing several cases.

A somewhat careful examination of the testimony and the arguments of counsel leads us to the same conclusion reached by the learned trial judge and so tersely and clearly expressed by him in the above quotation from his opinion. In East End Oil Co. v. Torpedo Co., 190 Pa. 350, Mr. Justice MITCHELL said: "In other words, appellant claims that under the circumstances it was entitled to have the jury draw the inference of negligence from the happening of the injury alone. That such inference may sometimes be drawn is true, but the cases are exceptional. The maxim res ipsa loquitur is itself the expression of an exception to the general rule that negligence is not to be inferred but to be affirmatively proved. The ordinary application of the maxim is limited to cases of an absolute duty, or an obligation practically amounting to that of an insurer." Aument v. Penna. Tel. Co., 28 Pa. Superior Ct. 610, is another case where the question of res ipsa loquitur is thoroughly discussed and many cases cited by RICE, P. J. See also Patterson Coal & Supply Co. v. Pittsburg Railways Co., 37 Pa. Superior Ct. 212, where a similar question to the one under consideration is carefully discussed in the opinion of the court by PORTER, J. See also Cavanaugh v. Allegheny County Light Co., 226 Pa. 86. Also Lanning v. Pittsburg Railways Co., 229 Pa. 575, where it is held by the Supreme Court in an opinion by Mr. Justice BROWN, as stated in substance in the syllabus: "The rule res ipsa loquitur does not apply when one walking on a street of a municipality is injured by an appliance of a street railway company using electricity upon or over the street. The burden is on the person injured to establish negligence on the part of the company."

In the present case we think the plaintiff decidedly failed to meet this burden by proving negligence on the part of the defendant, and being of that opinion, it is not

profitable to take time or space to further discuss this case.

There is another question mildly raised in this case and that is an alleged promise on the part of the attorney for the defendant company to the attorney of the plaintiffs that if the latter would have the damages to the automobile repaired and present the bill therefor, the defendant company would pay it.  We do not find in the record any evidence of authority in the attorney for the defendant company to make this agreement and therefore our conclusion is that the defendant is not bound by that promise or agreement.  In the absence of such proof we agree that the learned trial judge was correct in not submitting that question to the jury.

The assignments of error are dismissed and the judgment is affirmed.