## Trout *v.* Philadelphia Electric Company, Appellant.

*Negligence—Electric light company—Live wire—Proximate cause.*

1. In an action against an electric light company to recover damages for the death of a boy thirteen years old resulting from his contact with an electric wire where the insulation had worn off, a verdict and judgment for the plaintiff cannot be sustained where the evidence shows that the wire in question was stretched upon poles and swinging at a distance of about four feet six inches from the outside edge of the cornice of a house, that the boy went up to the top of his father's house through a trap door, and from there over the house tops to another roof some four doors distant, where he lay down on the tin cornice about one foot from the edge; that he threw a corncob tied to the end of a string over the electric wire and pulled it toward him in order to detach his kite which had been caught on the wire; and that when the wire came within reach he touched it with one hand and immediately received the shock which killed him.

2. In such a case the proximate cause of the injury was not the failure of the defendant to repair the defective insulation, but it was the boy's own independent intervening act in voluntarily getting the wire within his reach in a manner and under circumstances which could not reasonably have been foreseen. Mullen v. Wilkes-Barre Gas & Electric Co., 229 Pa. 54, distinguished.

Argued Jan. 15, 1912. Appeal, No. 162, Jan. T., 1911, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1908, No. 6050, on verdict for plaintiff in case of Amos Trout and Martha Trout v. Philadelphia Electric Company. Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Reversed.

Trespass to recover damages for the death of plaintiff's son killed at 1315 Brandywine Street, Philadelphia, on August 14, 1908. Before CARR, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,765.00. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*R. Stuart Smith,* with him *Charles E. Morgan,* for appellant.—Assuming that the defendant was negligent in failing to keep its wire properly insulated, such negligence was not the proximate cause of the accident. The proximate cause was the independent intervening act of the boy himself in voluntarily getting the wire within his reach in a manner and under circumstances not reasonably to have been foreseen: Oil City Bridge & Pet. Co. v. Jackson, 114 Pa. 321; Guilmartin v. Philadelphia, 201 Pa. 518; Elliott v. Allegheny Co. Light Co., 204 Pa. 568; Marsh v. Giles, 211 Pa. 17; Everett v. Citizens' Gas and Electric Co., 228 Pa. 241; Carpenter v. Miller, 232 Pa. 362.

Judgment should be entered for the defendant non obstante veredicto on the additional ground that the boy was a trespasser on the property of the defendant, and the latter owed him no positive duty of protection: Thompson v. Balt. & Ohio R. R. Co., 218 Pa. 444; Rumovicz v. Scranton Electric Co., 44 Pa. Superior. Ct. 582.

*William T. Connor,* with him *John R. K. Scott,* for appellees.—The defendant knew or ought to have known this dangerous wire would reach over to the roof. Mullen v. Electric Co., 38 Pa. Superior. Ct. 3.

The appellant here, being engaged in the business it was, was held to the highest degree of care, and was bound to exercise the greatest possible foresight to avoid

injury of any kind to persons who might come or be expected to come in contact accidentally or otherwise with its wires: Kreiner v. Straubmuller, 30 Pa. Superior Ct. 609; Rachmel v. Clark, 205 Pa. 314; Corbin v. Philadelphia, 195 Pa. 461; Lynchburg Tel. Co. v. Booker, 103 Va. 594 (50 S. E. Repr. 148) ; Eagle Hose Co. v. Electric Light Co., 33 Pa. Superior Ct. 581; Fitzgerald v. Edison Elec. Illuminating Co., 200 Pa. 540; Daltry v. Electric Light, Heat & Power Co., 208 Pa. 403; Alexander v. Nanticoke Light Co., 209 Pa. 571; Dannehower v. Tel. Co., 218 Pa. 216; Haertel v. Light & Power Co., 219 Pa. 640; Griesemer v. Electric Co., 224 Pa. 328; Mullen v. Electric Co., 38 Pa. Superior Ct. 3.

The deceased boy was in no sense a trespasser: Fitzgerald v. Electric Illuminating Co., 200 Pa. 540; Mullen v. Electric Co., 38 Pa. Superior Ct. 3.

OPINION BY MR. JUSTICE MOSCHZISKER, May 22, 1912:

Harvey Trout, a thirteen-year-old boy, was engaged in detaching a kite from an electric light wire on which it had been caught, when he received a shock which resulted in his death. The wire was stretched upon poles and was swinging at a distance of about four feet six inches from the outside edge of the cornice of a house. The boy went up to the top of his father's house, through a trap door, and from there over the housetops to another roof some four doors distant, where he lay down on the tin cornice about one foot from the edge. He threw a corn-cob tied to the end of a string over the electric light wire and pulled it toward him; when the wire came within reach he touched it with one hand and immediately received the electric shock. At that particular place the insulation was worn off the wire, leaving it exposed.

The parents of the deceased boy sued the defendant company, alleging negligence in the maintenance of the wire and recovered a verdict upon which judgment was entered; the defendant has appealed. At the trial of the

case, counsel for the defendant contended that the failure of the company to repair the defective insulation on the wire was not the proximate cause of the injury; that the boy's death resulted from his own independent intervening act in voluntarily getting the wire within his reach in a manner and under circumstances which could not reasonably have been foreseen; upon this ground they asked for binding instructions, the refusal of which they now assign for error.

The act of the boy in getting hold of the wire was wholly unrelated to any act of the defendant in connection therewith. Had the wire been so close to the house that the boy might naturally have come in contact with it while playing about the roof, it might be contended that its condition was the proximate cause of his death. But such was not the case; all of the defendant's wires were so far out from the house that they could not possibly have been reached by a full grown man much less a boy of thirteen. The boy could have run and played all over the roof without the possibility of his coming in contact with these wires. It was an original independent act of the deceased which could not reasonably have been anticipated that brought about this most sad accident, and this act was not induced by or did not follow as a natural sequence to any negligence of the defendant in connection with its wires. Under such circumstances there could be no recovery, and the defendant was entitled to binding instructions as requested.

We have examined all the authorities cited by the appellee and conclude that the present case is not ruled by any of them. Mullen v. Wilkes-Barre Gas & Elec. Co., 229 Pa. 54, chiefly relied upon, was an instance where a boy, playing in a tree through which the defendant's wires ran, received a shock by coming in contact with a bare wire. The fact was notorious that children were accustomed to play about and climb this tree. The Superior Court held that the defendant's negligence in maintaining an uninsulated wire running through

the branches of the tree was the proximate cause of the accident, because it was bound to know that children might accidentally come in contact with such wire; and we affirmed per curiam, saying that the case was "admittedly close." That case stands for and must be confined to its own facts.

The assignments of error are sustained, the judgment of the court below is reversed and judgment is here entered for the defendant.