# Dugan *v.* Erie County Electric Company, Appellant.

*Negligence—Electric light companies—Defective wire—Duty of inspection—Death.*

In an action to recover damages for the death of plaintiff's husband, caused by his hand coming in contact with a heavily charged electric light wire of defendant company, while decedent was walking on the pavement of a city street, it appeared that the wire had been burned through and one part of it hung from the pole and extended downward to within three inches of the ground, where the wind caused it to swing back and forth, across the pavement; that a telephone company had extended an uninsulated guy wire from one of its poles between the defendant's wires and had wound it around the pole of the latter, fifteen feet from the ground; that for upwards of a year the guy wire had been slack, so that the wind would blow it against the electric light wires and in wet weather a circuit would be completed and the weaker wire would be burned through; that the guy wire had not been placed between the defendant's wires with its consent, and it had no actual notice of its existence; and there was evidence that the touching of the wires gave rise to a condition which would inevitably cause one of them to fall, which condition would have been disclosed by proper inspection. *Held*, that the only ground upon which defendant would be held liable was its failure to properly inspect its system of wires, that this question was properly submitted to the jury.

Argued April 28, 1913. Appeal, No. 265, Jan. T., 1912, by defendant, from judgment of C. P. Erie Co., Sept. T., 1911, No. 104, on verdict for plaintiff in case of Rose Dugan, who sues for herself and Leo Dugan, v. Erie County Electric Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before WALLING, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $7,246.00. Judgment was

260 DUGAN v. ERIE COUNTY ELEC. CO., Appellant.

entered for $6,000, the excess having been remitted.    Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant, and in refusing to enter judgment for defendant n. o. v.

*Frank Gunnison,* of *Gunnison, Fish, Gifford & Chapin,* for appellant.

*John B. Brooks,* with him *Charles H. English,* for appellee.

PER CURIAM, May 22, 1913:

The death of the plaintiff's husband was caused by his hand coming in contact with a heavily charged electric light wire of the defendant, while he was walking on the pavement of a city street.  The wire had been burned through and one part of it hung from a pole and extended downward to within three inches of the ground and the wind caused it to swing back and forth across the pavement.  A telephone company had extended an uninsulated guy wire from one of its poles down between the defendant's wires and had wound it around a pole of the latter, fifteen feet from the ground. For a year or more the guy wire had been so slack that the wind would blow it against one of the defendant's electric light wires and, in wet weather, a circuit would be completed through the guy wire and the pole to the ground and the weaker wire would be burned through. At the time of the accident the wind was blowing and the pole was wet.  It appeared that the guy wire had not been placed between the defendant's wires with its consent, and that it had no actual knowledge of its existence.  No one saw the electric wire fall and there was no evidence that it had been down for such a length of time that constructive notice could be imputed to the defendant.

The only ground on which the defendant could be held liable was that the accident resulted from its failure to properly inspect its system of wires, and this was the single question submitted to the jury. There was evidence that the touching of the wires gave rise to a condition that would inevitably cause one of them to fall and that this condition would have been disclosed by proper inspection. The duty to inspect was clear; whether it had been properly performed was for the jury.

The judgment is affirmed.