## Yeager, Appellant, v. Edison Electric Co.

*Negligence—Electric companies—Electric wires—Duty to insulate properly—Contributory negligence—Evidence—Nonsuit.*

1. The duty of those in control of a deadly electric current to exercise the highest degree of care in protecting electric wires at points where they enter buildings or where it may reasonably be expected that persons in discharge of duty may accidently come

in contact with them, is not met by using only such insulation as would be safe on wires hanging in the air and out of ordinary reach.

2. One who is brought by his employment in close proximity to electric wires which are apparently insulated, is not guilty of contributory negligence in coming in contact with the wires, unless the contact was the result of heedlessness, or of his own lack of proper precautions for his safety.

3. In an action against an electric company to recover damages for injuries due to defectively insulated wires, the questions of defendant's negligence and plaintiff's contributory negligence are for the jury where it appears that the plaintiff, while painting the outside of a house, accidently came in contact with plaintiff's apparently insulated electric wires near a point where they entered the house about twenty feet above the ground, and that the insulation material, while such as in ordinary use on wires hanging in the air and out of ordinary reach, did not make the wires safe.

4. In such a case it is error to exclude evidence tending to show that the wires were faulty in construction and not properly insulated at the spot where the accident occurred, although the wires were admitted to be insulated with a material in general use.

Argued April 19, 1913. Appeal, No. 38, Jan. T., 1913, by plaintiff, from judgment of C. P. Lancaster Co., March T., 1912, No. 32, of nonsuit in case of William S. Yeager *v.* The Edison Electric Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before HASSLER, J.

From the record it appeared that plaintiff, while painting a building belonging to the City of Lancaster, came in contact with certain of defendant electric company's electric wires, by which the building was supplied with power, and received a severe shock which resulted in permanent injuries.

Other facts appear in the opinion of the Supreme Court.

The court entered judgment of compulsory nonsuit which it subsequently refused to take off.

*Errors assigned,* among others, were in excluding certain evidence referred to in the opinion of the Supreme Court, and in refusing to take off the nonsuit.

*B. F. Davis,* for appellant.

*W. U. Hensel,* for appellee.

OPINION BY MR. JUSTICE POTTER, June 27, 1913:

This appeal is from the refusal of the court below to take off a judgment of compulsory nonsuit. The defendant company was charged with negligence in failing to properly insulate its wires, which were heavily charged with electricity. Upon the trial, at the close of plaintiff's evidence, the court entered judgment of nonsuit upon the ground that the proof did not show that the wires were in improper condition before the accident. Plaintiff has appealed, and complains of the exclusion of evidence tending to show improper insulation at the point where the accident occurred, and he also contends that the questions of negligence by the defendant, and contributory negligence by the plaintiff were for the jury. The evidence shows that the plaintiff at the time was engaged in painting the outside of a small brick building at the reservoir of the City of Lancaster. The wires of the defendant company entered the building in the peak at the rear, some twenty feet from the ground. The plaintiff was standing upon a ladder engaged in painting the end of the building, in the immediate vicinity of the wires. In shifting his position his shoulder came in contact with one of the wires, resulting in his receiving a severe electric shock which caused permanent injury. The wires were covered with some material, and the plaintiff apparently took it for granted that they were safely insulated. The result showed that this was not the case. In his opinion refusing to take off the nonsuit, the trial judge says: "The plaintiff offered to prove by J. H. Shenk, who has

been an electrician for many years, and has worked in different cities, that the insulation did not make the wires safe, but we refused to admit his testimony, as we believed the test to be whether the insulation was the kind in general use. If we erred in this, we also erred in excluding this testimony. In disposing of this rule we will therefore consider that he testified that the kind of insulation on these wires was not safe, but dangerous. The witness testified that the insulation was of pitch and cotton, and that it was in use in other places and is used in most all outside work hanging in the air." The plaintiff was, however, not working at a point where the wires were hanging out of ordinary reach, but was engaged at the point where the wires entered the building, and the nature of his employment seems to have made it necessary for him to approach the wires closely. One who is brought by his employment in close proximity to electric wires which are apparently insulated, can not be fairly charged with contributory negligence in coming in contact with the wires, unless the contact was the result of heedlessness, or of his own lack of proper precautions, for his safety. Prudence requires those in control of a deadly current of electricity to exercise the highest degree of care in protecting the wires at points where persons in the course of their lawful employment are liable to come in contact with them. It appears from the evidence that the insulating material used in this case, was such as is ordinarily used upon the wires when hanging in the air, and out of ordinary reach. It by no means follows that insulation of this character is reasonably safe for use upon wires at points where they enter buildings or where it may reasonably be expected that persons in the discharge of duty may accidentally come in contact with them. The trial judge apparently made no distinction between the danger to be apprehended from the wires when hanging in the air out of ordinary reach and that which should properly be anticipated at such a point of proximity as this. Insulation

that may be sufficient at one place, may not constitute proper protection against danger from the wires at another. As we said in Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540: "The company, however, which uses such a dangerous agent is bound not only to know of the extent of the danger, but to use the very highest degree of care practicable to avoid injury to every one who may be lawfully in proximity to its wires and liable to come accidentally or otherwise in contact with them.......The duty is not only to make the wire safe by proper insulation, but to keep it so by constant oversight and repair."

The trial judge erred in excluding testimony offered to show that the wires were faulty in construction, and were not properly insulated at the spot where the accident occurred. Such evidence would fairly have raised a question for the jury.

The second, seventh, eighth, ninth and tenth assignments of error are sustained; and the judgment is reversed with a procedendo.