# Green, Appellant, v. West Penn Railways Company.

*Negligence—Street railway companies—Electric wires—Infant trespasser—Proximate cause—Nonsuit.*

1. While a company employing electricity is bound to the highest degree of care practicable to avoid injury to anyone liable to come, accidently or otherwise, in contact with its charged wires and while it is bound to know that children in their ignorance and playfulness are apt to expose themselves to dangers in connection with electric wires, such as a prudent adult would avoid, and should provide against injury liable to result in consequence of such disposition, it is under no obligation to so safeguard its wires that by no possibility can injury result therefrom.

2. Liability to accident suggests probability, in greater or less degree, and it is against such conditions that a party employing electricity must provide, while possibility of accident, including as it does, everything capable of happening or being done, suggests a measure of care utterly impracticable and which the law therefore does not exact.

3. In an action to recover damages for personal injuries sustained by an infant plaintiff in consequence of taking hold of a copper wire charged with electricity, a nonsuit is properly entered where it appeared that two boys about nine years of age had found in a public street a spool of copper wire, for the presence of which the defendant was not responsible; that they attached a stone to one end of the wire and threw it over defendant company's uninsulated feed wire, leaving the other end of the wire dangling in the air about three feet from the ground; and that one of the boys induced plaintiff to take hold of the wire, whereby the acciwent was caused.

Mr. Justice MESTREZAT dissents.

Argued May 11, 1914. Appeal, No. 257, Jan. T., 1913, by plaintiffs, from judgment of C. P., Fayette Co., Sept. T., 1911, No. 397, refusing to take off nonsuit in case of John Green in his own right and Charley Green, a minor child of John Green, by his father and next friend, v. West Penn Railways Company. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before VAN SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

The trial judge entered judgment of nonsuit, which the court in banc subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*A. E. Jones,* with him *Reppert, Sturgis & Morrow,* for appellants.—It was negligence in the company not to use the greatest care in the transportation of such a dangerous agent as electricity: Fitzgerald v. Edison Electric Co., 200 Pa. 540; Daltry v. Electric Light Co., 208 Pa. 403; Mullen v. Wilkes-Barre Gas & Electric Co., 229 Pa. 54; Frantz v. Citizens' Electric Co., 231 Pa. 589; Block v. Milwaukee St. R. C., 27 L. R. A., 365; Western Union Tel. Co. v. Nelson, 31 L. R. A. 572; City Electric St. Railway Co. v. Conery, 31 L. R. A. 570. The negligence of the defendant was the proximate cause of the accident: Schumaker v. St. Paul, Etc., R. R. Co., 46 Minn. 39; Hill v. Winson, 118 Mass. 251; Eagle Hose Company v. Electric Light Co., 33 Pa. Superior Ct. 581; Berry v. Borough of Sugar Notch, 191 Pa. 345; Lane v. Atlantic Works, 111 Mass. 136; Loughlin v. Penna. R. R. Co., 240 Pa. 174; Philadelphia Hydraulic Works Co. v. Orr, 83 Pa. 332.

*E. C. Higbee,* with him *L. B. Brownfield* and *Sterling, Higbee & Matthews,* for appellee.—Even though the defendant was negligent, its negligence was not the proximate cause of the injury: Trout v. Philadelphia Electric Co., 236 Pa. 506; Sullivan v. Boston Railway Company, 156 Mass. 378 (31 N. E. Repr. 128); Keefe v. Narragansett Electric Lighting Co., 21 R. I. 575, 43 Atl. Rep. 542; Denver Electric Co. v. Walters, 39 Colo. 301 (89 Pac. Repr. 815); Mullen v. Wilkes-Barre Elec-

tric Co., 38 Pa. Superior Ct. 3, 229 Pa. 54; Everett v. Citizens' Gas & Electric Company, 228 Pa. 241; Rumovicz v. Scranton Electric Co., 44 Pa. Superior Ct. 582; Carpenter v. Miller & Son, 232 Pa. 362; Marsh v. Giles, 211 Pa. 17; Stephenson v. Corder, 69 L. R. A. 246; Berman v. Shultz, 81 N. Y. S. Supp. 647; Wood v. Penna. R. R. Co., 177 Pa. 306; Hoag v. Railroad Co., 85 Pa. 293; Philadelphia & Reading v. Hummel, 44 Pa. 375 (379); Gillespie v. McGowan, 100 Pa. 144; Bannon v. Penna. R. R. Co., 29 Superior Ct. 231 (237).

OPINION BY MR. JUSTICE STEWART, July 1, 1914:

In brief the facts of the case are as follows: Two boys, each about nine years of age, while at play in a public street found a spool of fine copper wire at the foot of a telephone pole. In sport they attached a stone to one end of the wire and threw it across the defendant company's feed wire. This left the other end of the copper wire dangling in the air about three feet from the ground. The boys withdrew and one of them meeting with the boy subsequently injured, who was about the same age, told him of the suspended wire and that he could have it if he wanted it. Thereupon the latter boy proceeded to the place indicated by the other, found the wire so suspended and took hold of it, with the result that he was fearfully burned and crippled for life.

For present purposes let it be conceded that the defendant company, in maintaining and using an uninsulated feed wire at the elevation and under the conditions we have here, came short of exercising that high degree of care which the law in such cases requires. Let it be further conceded, as it must be, that had the feed wire been properly insulated, the accident to the plaintiff would not have occurred. These facts appearing we would then have a case establishing liability on part of the defendant company, except as an independent intervening agency or cause was shown, without which the accident would not have occurred, and for which the de-

fendant company was in no wise responsible, and which could not reasonably have been anticipated as likely to occur.  In the present case we have a direct intervening agency without which the accident could not have happened, for the condition and relation of things, so far as created by this company was concerned, was safe and harmless as to this boy, except as interfered with. This interference was an act of trespass, and was the direct and immediate cause of the accident.  Nevertheless, though the act of the boys in suspending the copper wire from the feed wire was the proximate cause of the accident, yet if it were such an act of interference as the defendant company could have reasonably anticipated, the company was bound to guard against it, and for any result following in consequence of its failure to do so, it would be liable.  So then the learned trial judge, as the case was presented, had but the one question to consider: Was failure on part of defendant company to anticipate such an occurrence as this and make provision against it, negligence?  It is settled law that no liability results from failure to anticipate wrongful acts by others; but waiving this, for the reason that in this case we are dealing with a trespass committed by boys of tender years, a fact which under certain conditions changes the rule, and regarding the copper wire incident simply as an interference not participated in by the defendant company and done without its knowledge, how stands the case?  Without the wire present the accident could not have occurred.  By merest chance the boys found it at the foot of a telephone pole and in sport they threw it over the feed wire.  Could such a concurrence of fortuitous circumstances been reasonably foreseen by the defendant company?  Considering that defendant company stood in no relation to the wire, was not responsible for it being where it was, and had no knowledge of it being there, to hold it responsible for the injury to the boy on the ground that it should have anticipated such consequence from the fact that it main-

tained an uninsulated feed wire at an elevation which would admit of a stone attached to a wire being thrown over it, would be to substitute for injury within reasonable anticipation any possible injury which might result.  There is no case that goes to such extreme length. Of course a company employing electricity is bound to the highest care practicable to avoid injury to any liable to come accidentally or otherwise in contact with charged wires; and it is bound to know that children in their ignorance and playfulness are apt to expose themselves to danger in connection with such wires which the prudent adult would avoid, and provide against injury liable to result in consequence of such disposition; but it is under no obligation to so safeguard its wires that by no possibility can injury result therefrom.  Liability to accident suggests probability, in greater or less degree, and it is against such conditions that a party using this dangerous element must provide; while possibility of accident, including as it does, everything capable of happening or being done, suggests a measure of care utterly impracticable and which the law therefore does not exact.  Not only have we here an independent intervening cause, but one which the defendant was not bound to anticipate, and against which it was therefore under no duty to guard.  The nonsuit was properly ordered, and there was therefore no error in refusing to take it off.

Judgment affirmed.

Mr. Justice MESTREZAT dissents.