# Yeager v. The Edison Electric Company, Appellant.

*Negligence—Electric companies—Electric wires—Duty to insulate properly—Character of insulation—Contributory negligence—Evidence—Case for jury.*

1. The duty of those in control of a deadly electric current to exercise the highest degree of care in protecting electric wires at points where they enter buildings or where it may reasonably be expected that persons in discharge of duty may accidently come in contact with them, is not met by using only such insulation as would be safe on wires hanging in the air and out of ordinary reach.

2. One who is brought by his employment in close proximity to electric wires which are apparently insulated, is not guilty of contributory negligence in coming in contact with the wires, unless the contact was the result of heedlessness, or of his own lack of proper precautions for his safety.

3. In an action against an electric company to recover damages for injuries due to defectively insulated wires, the case is for the jury and a verdict for the plaintiff will be sustained where it appears that the plaintiff, while painting the outside of a house, accidently came in contact with plaintiff's apparently insulated electric wires, near a point where they entered the house about twenty feet above the ground, and that the insulation material, which con-

sisted of cotton material covered with pitch, while such as in ordinary use on wires hanging in the air and out of ordinary reach, did not make the wires safe.

4. In such case the testimony of a witness as to the condition of the wire in question is not inadmissible because the witness made his examination nearly a year before the accident, where defendant's own witnesses admitted that the wire was in the same condition at such time as it was at the date of the accident.

5. Where the defect in electric wires is one of original construction, and not arising from wear, proof of notice is unnecessary.

Argued May 18, 1914.   Appeal, No. 308, Jan. T., 1913, by defendant, from judgment of C. P. Lancaster Co., March T., 1912, No. 32, on verdict for plaintiff in case of William S. Yeager v. The Edison Electric Company. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Trespass for personal injuries.   Before HASSLER, J.

The facts appear by the opinion of the Supreme Court and in Yeager v. The Edison Electric Company, 242 Pa. 101.

Verdict for plaintiff for $3,000, and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and answers to points for charge.

*W. U. Hensel,* for appellant.                              ·

*B. F. Davis,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 1, 1914:

When this case was here before (242 Pa. 101, 103), we said, by our Brother POTTER: "The plaintiff......was engaged in painting the outside of a small brick building......The wires of the defendant company entered the building.   The plaintiff was standing upon a ladder......in the immediate vicinity of the wires.   In

shifting his position his shoulder came in contact with one of the wires, resulting in his receiving a serious electric shock which caused permanent injury. The wires were covered with some material, and the plaintiff apparently took it for granted that they were safely insulated. The result showed that this was not the case. ......The plaintiff was not working at a point where the wires were hanging out of ordinary reach, but was engaged at the point where the wires entered the building, and the nature of his employment seems to have made it necessary for him to approach the wires closely. One who is brought by his employment in close proximity to electric wires which are apparently insulated, cannot be fairly charged with contributory negligence in coming in contact with the wires, unless the contact was the result of heedlessness, or of his own lack of proper precautions, for his safety. Prudence requires those in control of a deadly current of electricity to exercise the highest degree of care in protecting the wires at points where persons in the course of their lawful employment are liable to come in contact with them. It appears from the evidence that the insulating material used in this case, was such as is ordinarily used upon the wires when hanging in the air, and out of ordinary reach. It by no means follows that insulation of this character is reasonably safe for use upon wires at points where they enter buildings or where it may reasonably be expected that persons in the discharge of duty may accidentally come in contact with them. The trial judge apparently made no distinction between the danger to be apprehended from the wires when hanging in the air out of ordinary reach and that which should properly be anticipated at such a point of proximity as this. Insulation that may be sufficient at one place, may not constitute a proper protection against danger from the wires at another. As we said in Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540: 'The company, however, which uses such a dangerous agent is bound

not only to know the extent of the danger, but to use the very highest degree of care practicable to avoid injury to every one who may be lawfully in proximity to its wires and liable to come accidentally or otherwise in contact with them.......The duty is not only to make the wire safe by proper insulation, but to keep it so by constant oversight and repair.'" We then determined that "The trial judge erred in excluding testimony offered to show that the wires were faulty in construction," in that they "were not properly insulated at the spot where the accident occurred," saying, "such evidence would fairly have raised a question for the jury."

On the present trial, this evidence was admitted, and the witness testified that the wires which caused the injury were only surrounded by a cotton insulation covered with pitch; he said that this "was not" a safe insulation, that it was "a dangerous covering," because "there was nothing there to guard a man away from the current,—there was no rubber there, no insulation there to protect a man." He further testified that "a good rubber cover next to the copper and a cover over it to protect the rubber," would have been a proper and sufficient insulation. As indicated in our former opinion, the issue did not involve the determination of what was a proper covering for wires "hanging in the air out of ordinary reach," but where "they entered buildings"; and the present testimony was sufficient, if believed (as the verdict shows it was), to sustain a finding that the defendant company had maintained an improperly insulated and dangerous wire at the place in question. This act of negligence was averred in the statement of claim, and the jury was expressly confined to its consideration by the instructions of the trial judge. It will not do to say that the testimony going to the point before us should be dismissed because the witness made his examination nearly a year after the accident; for one of defendant's own witnesses admitted that the wire was in the same condition, so far as concerned the character

of the covering, "in December, 1912, when Mr. Schenck saw it, as it was at the time of the accident."

The question of the plaintiff's contributory negligence was properly submitted to the jury in the general charge, as also in the trial judge's answers to the defendant's points, and the verdict must be accepted as conclusive of that issue; furthermore, the defect complained of being one of original construction, and not arising from wear, proof of notice was not required. Meyers v. Edison Electric Ill. Co., 225 Pa. 387; Weir v. Haverford Elec. Light Company, 221 Pa. 611, and Hartell v. Penna. Co., 219 Pa. 640, cited by the appellant, are on their facts distinguishable from the case before us. In the first two the lack of, or defects in, the insulation were manifest, and in the other the plaintiff carelessly grasped a dangerous electric wire with his naked hand without any apparent cause for so doing. Here, the covering was not in a manifestly bad or dangerous condition, on the contrary, from appearances, the plaintiff had reason to believe that it was sufficient to protect one from the possible danger of casual contact; and, according to the testimony of the injured man, his shoulder accidentally encountered the obstruction of the wires while he was intent upon his work. On the whole, we are not convinced of error.

The assignments are overruled and the judgment is affirmed.