# Grossheim *v.* Pittsburgh & Allegheny Telephone Co., Appellant.

*Negligence—Telephone companies — Broken wire — Notice—Injury to pedestrian—Contributory negligence—Case for jury.*

1. A telephone company is entitled to reasonable time and opportunity to discover and repair defective wires; what is a reasonable time must necessarily vary with the circumstances of each case.

2. The fact of the break of a telephone wire, although it does not carry electric current of sufficiently high voltage to be dangerous unless it comes in contact with other wires, is notice that it might become dangerous and imposes the duty of examination, and whether such duty had properly been met under all the circumstances, the lapse of time, the condition and population of the neighborhood, the urgency of the possible danger, etc., are questions for the jury.

3. A person injured as a result of coming in contact with such

wires is entitled to the benefit of every inference fairly deducible from the testimony submitted in his favor.

4. In an action against a telephone company to recover damages for personal injuries sustained as a result of the plaintiff, an eight-year-old boy, coming in contact with a fallen wire, heavily charged with electricity, the case was for the jury and a verdict and judgment for plaintiff will be sustained where it appeared that a storm occurred between three and five o'clock in the afternoon, causing the wire in question, which was of small voltage, to break and fall over a trolley wire of high voltage; that the remainder of the evening was clear; that it was the custom of defendant to test all wires immediately after a storm; that other wires on defendant's system were tested immediately after the storm in question, but such wire was not tested until the following morning when plaintiff was injured; and that had the wire been tested the break could have been discovered.

Argued October 18, 1916. Appeals, Nos. 126 and 127, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., July T., 1915, No. 1667, on verdicts for plaintiffs in case of Walter H. Grossheim, by his Father and Next Friend, Henry P. Grossheim, and Henry P. Grossheim in his own right, v. Pittsburgh & Allegheny Telephone Company. Before Brown, C. J., Mestrezat, Moschzisker, Frazer and Walling, JJ. Affirmed.

Trespass for personal injuries. Before Evans, J.

The facts appear by the opinion of the Supreme Court.

Verdict for Walter H. Grossheim, plaintiff, in the sum of $12,500, and for Henry P. Grossheim, plaintiff, in the sum of $1,500. Defendant appealed.

*Error assigned*, among others, was in refusing defendant's motion for judgment n. o. v.

*John S. Weller*, with him *John O. Wicks*, for appellant.—The defendant was not negligent in failing to inspect the line in question.

The maxim res ipsa loquitur has no application: East Oil Co., et al., v. Pennsylvania Torpedo Co., Ltd., 190 Pa.

353; Long v. St. Clair Borough, 253 Pa. 92; Delahunt v.
Union Telep. & Teleg. Co., 215 Pa. 241; Patterson Coal
& Supply Co. v. Pittsburgh Railways Co., 37 Pa. Su-
perior Ct. 212; Aument v. Pennsylvania Telephone Co.,
28 Pa. Superior Ct. 610.

*H. Fred Mercer,* for appellee.—Defendant was negli-
gent in not inspecting the wires within a reasonable time
after the storm: Dugan v. Erie County Electric Co., 241
Pa. 259; Wilhite v. Huntsville, 167 Mo. App. 155; God-
frey v. Streator Ry. Co., 56 Ill. App. 378; Goodwin v.
Columbia Teleph. Co., 157 Mo. App. 596; Anthony v.
Cass County Home Teleph. Co., 165 Mich. 388; Jackson-
ville Ice & Elec. Co. v. Moses, 134 S. W. Repr. 379; Miller
v. Lewistown Electric Light, Heat & Power Co., 212 Pa.
593; Fitzgerald v. Edison Electric Illuminating Co., 200
Pa. 540; Herron v. Pittsburgh, 204 Pa. 509; Fedorawicz
v. Citizens' Electric Illuminating Co., 246 Pa. 141.

OPINION BY MR. JUSTICE FRAZER, January 8, 1917:

Plaintiff, a boy eight years of age, together with his
father, sues to recover for injury to the former by coming
in contact with a highly charged broken telephone wire
of defendant company. Defendant owns and operates a
telephone system extending through several counties in
Western Pennsylvania with an exchange in New Ken-
sington, Westmoreland County, with which lines are con-
nected extending through the Town of Arnold, the place
in which plaintiffs reside, thence across the Allegheny
river into and through the Borough of Natrona to the
works of the Allegheny Steel Company, in the Town of
Brackenridge. The wire connecting with the works of
the steel company crossed the trolley line of the West
Penn Traction Company in Natrona, at which point it
was insulated and strung six or eight feet above the
trolley company's high voltage wire. During the after-
noon of Sunday, August 9, 1914, the locality was visited
by quite a severe storm accompanied by lightning and

among the damages done a wire of defendant company at Arnold was broken, one end of which fell to the ground and lay in a path paralleling a public street. During the same storm the lightning cut the insulated wire near the trolley crossing in Natrona, causing the line to fall and rest upon the trolley wire with a broken end reaching to the ground. The crew of a passing car, noticing the hanging wire, fastened the loose end to an adjoining fence, permitting the wire however to remain resting on the trolley line. While in this position the flanges of trolley wheels attached to passing cars cut the insulation permitting the bare wire to come in contact with the highly charged trolley wire. Both broken wires, the one in Arnold and the other at the trolley crossing, remained in this condition until the following morning when plaintiff while walking along the street at Arnold, attempted to push aside the broken wire lying in the path adjoining the street, and was seriously and permanently injured by the current transmitted through the broken wire from the highly charged trolley line. The court below submitted the case to the jury and verdicts were rendered in favor of plaintiffs. From judgment entered thereon defendant appeals. The assignments of error are to the refusal of the court below to direct a verdict for defendant and the subsequent refusal to enter judgment for defendant non obstante veredicto.

The contributory negligence of the boy it is conceded was for the jury and the sole question for consideration here is whether defendant was negligent in failing to make an inspection of its line within such reasonable time after the storm as the circumstances of the case required. In considering this question plaintiffs are entitled to the benefit of every inference fairly deducible from the testimony submitted in their favor.

Plaintiffs' evidence shows the storm occurred between three and five o'clock in the afternoon and that the broken wire was seen hanging across the trolley wire at about that time. After the storm passed the weather

was clear during the remainder of the evening. Defendant admits no inspection or test was made of the steel company line until seven-thirty o'clock the following morning. Plaintiffs' evidence also discloses a custom on the part of the defendant to test all wires immediately after a storm to determine whether or not any were broken or their efficiency otherwise impaired. This test was usually made by the operator at the New Kensington Exchange and while the nature of the trouble could not be determined by the tests so made, the fact that trouble in the line existed, would appear at once. The operator at the exchange testified to testing other wires following the storm of that Sunday afternoon, but did not test the one running to the plant of the Allegheny Steel Company. Experts offered on behalf of plaintiffs stated that, under the system installed in defendant's exchange, its employees could not have failed to discover the break in the line, had a proper effort been made. Upon a test being made the following morning at seven-thirty by defendant's "trouble man" the break in the line became apparent at once and the necessary repairs were made within a few hours thereafter.

Although defendant's wires did not carry an electric current of sufficiently high voltage to be dangerous they were frequently broken during electric storms and for the purpose of discovering such breaks tests of the lines are made immediately following each storm. Defendant was bound to know the danger likely to result from broken wires at places where they might come in contact with other wires carrying a high voltage and it was bound to take such precaution as was reasonably necessary to protect the public from danger from its lines. The wire of defendant was not dangerous in itself but only became so when strung closely to highly charged wires with which it might come in contact in stormy weather or from other causes. As was said by this court in Herron v. Pittsburgh, 204 Pa. 509, 513, "The fact of the break, therefore, was notice that it might become

dangerous, and imposed the duty of examination. Whether that duty was properly met under all the circumstances, the lapse of time, the condition and population of the neighborhood, the urgency of the possible danger, etc., was a question for the jury." Defendant is entitled to a reasonable time and opportunity to discover and repair defective wires and what is a reasonable time must necessarily vary with the circumstances of each case. In Zinkiewicz v. Citizens' Electric & Illuminating Co., 53 Pa. Superior Ct. 572, and Fedorawicz v. Citizens' Electric Illuminating Co., 246 Pa. 141, the trial judge left to the jury to say whether four hours constituted a sufficient period to impute knowledge of the break in defendant's wires. In this case, according to plaintiffs' testimony, the jury might have found that a period of sixteen hours elapsed between the time the wire was broken and the time plaintiff received his injury. While in the cases just cited, the wires were owned by the defendant company and carried a high voltage, and consequently required the highest degree of care, yet we cannot say as matter of law that defendant in the present case was not obliged to anticipate possible danger to the public from its broken wires coming in contact with other highly charged wires, and provide for inspection before the lapse of a specified number of hours after the storm has passed.

Judgment is affirmed.