## Sebring v. Bell Telephone Co., Appellant.

## Flesher et ux. v. Bell Telephone Co., Appellant.

*Negligence—Telephone companies—Live wires — Wire hanging over road—Evidence—Notice—Constructive notice—Contributory negligence—Infants—Proximate cause.*

1. Electricity is a dangerous agency and those employing it are required to exercise the highest practical degree of care.

2. The duty to inspect electric wires is clear, and failure to perform it negligence.

3. Where there is ample proof of constructive notice of a dangerous wire hanging over a street, the question of actual notice, on conflicting testimony, becomes unimportant.

4. Suffering a telephone wire long to remain broken and hanging down in a street, where, from natural causes or from the playing of children, it might be brought in contact with a live trolley wire, is an act of negligence which will render the telephone company liable for an injury caused thereby to a child too young to appreciate the danger.

5. Where boys come suddenly upon such a wire in their path at night without previous knowledge of its presence, they are not bound to anticipate the company had left it in a dangerous condition. The question of their contributory negligence is for the jury.

6. In such case, where it appears that the boys either pushed or pulled the hanging wire until it came in contact with a live trolley wire, the question of proximate cause is for the jury.

7. The court cannot say as a matter of law whether or not there was such independent intervening agency as necessarily broke the causal connection between defendant's negligence and the accident.

*Negligence—Damages—Excessive verdict—Instructions—No request for additional instructions.*

8. Where the entire subject of damages in a negligence case was submitted by a request of defendant covering in a general way the entire subject of damages, which request was affirmed, and no additional instructions were asked, the defendant cannot, on appeal, complain as to the inadequacy of the charge on the question of damages.

9. Where a plaintiff is too young to have a present earning capacity, it is not necessary to offer evidence on that subject.

Argued May 24, 1922. Appeals, Nos. 70 and 71, Oct. T., 1922, by defendant, from judgments of C. P. Beaver Co., Sept. T., 1920, Nos. 135 and 136, on verdicts for plaintiffs, in cases of John Sebring v. Bell Telephone Co. and William Flesher et ux. v. Bell Telephone Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of minor children. Before BALDWIN, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for John Sebring for $7,000 and for William Flesher et ux., $6,080. Defendant appealed.

*Errors assigned* were various instructions appearing by the opinion of the Supreme Court, quoting record.

*William A. McConnell,* for appellant.

*Richard S. Holt,* of *Holt, Holt & Richardson,* for appellees.

OPINION BY MR. JUSTICE WALLING, June 24, 1922:

These two cases result from the same accident and will be considered together. State Highway Route No. 243 extends through Borough Township, Beaver County, in an easterly and westerly direction, of the width of thirty-three feet, and the Bell Telephone Company of Pennsylvania, defendant, has a line of telephone poles standing within the bounds of the highway, but adjoining the north line thereof. These poles support cross-arms and telephone wires strung some twenty-eight feet above the bed of the street. Upon the north side of the latter is a single track electric railway, over which, at the height of eighteen feet, is its trolley wire charged with approximately six hundred volts of electricity, sufficient to cause death, while the telephone wires carried a low and harmless voltage. Plaintiff's evidence is that, in the early summer of 1919, near pole 187, a dead copper wire in defendant's line had become broken and the ends thereof hung down through boughs of trees, one end at least reaching the ground, and that this condition continued until the accident. The broken wire, when hanging perpendicular from the cross-arm, was about eight feet from the trolley wire and reached the ground some five feet north of the north rail of the track, where a bank, about four feet high, overgrown with shrubs, weeds, etc., sloped up from the traveled way. The space between the rails of the street-car track, and for a short distance on each side, was paved and much used both by vehicles and pedestrians, as the part of the street to the south was unimproved and often in bad condition; while over near the south street line was a path used as a sidewalk. It was a much-traveled highway, as it extended through a populous community and connected the Beaver Valley with East Liverpool, Ohio, and was used by some four hundred people daily, including school children. At about nine o'clock on the evening of October 30, 1919, while George Sebring, William Flesher, Jr., and Joseph Bevington, boys of the neighborhood, aged respectively

thirteen, seventeen and sixteen years, were out engaged in the customary Halloween sports, they followed a path leading from a field north of the street down this bank, near pole No. 187, into the traveled road. While so doing they came in contact with the hanging wire and Sebring said, "Here's a wire," and they continued south across the track apparently pushing or pulling the wire, when there was a sudden flash and Sebring and Flesher fell dead and Bevington, who had less contact with the wire, was slightly shocked. The ground and rails were wet, and when the dead wire touched the live trolley wire it completed the circuit and caused the fatal current to pass through the victims' bodies. The night was dark and just how far the boys moved the wire does not appear; after the accident it was found hanging about six inches from the trolley wire with the end on the pavement between the rails. So far as appears, none of the boys had any prior knowledge of the fallen wire. The suits were brought and tried separately, by the father of Sebring and by the parents of Flesher, and these appeals by the defendant are from judgments entered upon verdicts for the plaintiffs.

We find no error calling for reversal. Electricity is a dangerous agency and those employing it are required to exercise the highest practical degree of care: Haertel v. Penna. Light & P. Co., 219 Pa. 640; Herron v. Pittsburgh, 204 Pa. 509; Green v. West Penn Railways Co., 246 Pa. 340; Mooney v. Luzerne Borough, 186 Pa. 161. In the instant case, a dangerous current was in, and known to be in, the trolley wire, and, as defendant's wires were strung ten or twelve feet above it and only six or eight feet to one side, they might when broken come in contact with it through the action of wind or storm or swaying of trees or by some person or domestic animal, so it became defendant's duty to exercise care in maintaining its wires intact. This it neglected to do, for the broken wire was left hanging down in the side of the street for months when a reasonable inspection would

have disclosed it, although somewhat concealed by the foliage.

There being ample proof of constructive notice, the question of actual notice, as to which the evidence is conflicting, becomes unimportant. We agree with the statement of the trial judge in the Sebring case to the effect that suffering a telephone wire long to remain broken and hanging down in the street, where, from natural causes or from the playing of children, it might be brought in contact with a live trolley wire, was an act of negligence which would render the telephone company liable for an injury caused thereby to a child too young to appreciate the danger. The duty to inspect electric wires is clear and the failure to perform it negligence: see Dugan v. Erie County Electric Co., 241 Pa. 259; Fitzgerald v. Edison Electric Co., 200 Pa. 540. On the question of defendant's negligence the present cases are ruled by Grossheim v. Pittsburgh & A. Tel. Co., 255 Pa. 382; and see Fedorawicz v. Citizens E. I. Co., 246 Pa. 141.

The question of Sebring's contributory negligence was for the jury as he was but thirteen years of age, as was also that of both boys for other reasons. They came suddenly upon this wire in their path at night; they could not see where it was attached or know that its movement would bring it in contact with a highly charged wire; they were not bound to anticipate defendant had left it in a dangerous condition. We are told, "wisdom after the event is easy"; the boys are presumed to have used due care and it cannot be declared as matter of law that they did not: see Bowser v. Citizens L., H. & Power Co., 267 Pa. 483.

We are not prepared to hold that the defendant, in the exercise of the high degree of care which the situation demanded, should not have anticipated the probability of personal injury from leaving its wire dangling in this much-traveled public highway. The question of proximate cause was for the jury: see Hockenberry v. New

Castle Elec. Co., 251 Pa. 394. There was no such independent intervening agency as necessarily broke the causal connection between defendant's negligence and the accident. We have held that where accidents, resulting from coming in contact with live wires, were so highly improbable that they could not have been foreseen and provided against, there could be no recovery (Geroski v. Allegheny County Light Co., 247 Pa. 304; Trout v. Philadelphia Electric Co., 236 Pa. 506) but the instant case is not of that class, for the evidence here justified a finding that the accident might and should have been foreseen as likely to result from the negligence complained of.

The question of excessive verdict is called to our attention in the Sebring case. The verdict is large, but not so shockingly so as to warrant our interference under the Act of May 20, 1891, P. L. 101; it should not be overlooked that at the time of this accident boys were earning the phenomenal sum of seven dollars a day, which doubtless swelled both verdicts. Defendant's counsel submitted a request, covering in a general way the entire subject of damages, which the court affirmed; he is therefore not in a position to complain as to inadequacy in that feature of the charge. Had the trial judge said something misleading upon that question the case would be different. Furthermore, no additional instructions were asked upon that subject (Irwin v. Pennsylvania R. R. Co., 226 Pa. 156; Mastel v. Walker, 246 Pa. 65) and only a general exception was taken to the charge. Owing to Sebring being too young to have a present earning capacity, it was not necessary to offer evidence upon that subject: Kierkowski v. Connell, 253 Pa. 571; Fedorawicz v. Citizens Electric I. Co., supra; Firestine v. Phila. & R. Ry. Co., 56 Pa. Superior Ct. 42; Hoon v. Traction Co., 204 Pa. 369.

The assignments of error in each case are overruled and the judgments are affirmed.