# Schrull et al. *v.* Philadelphia Suburban Gas & Electric Co., Appellant.

*Negligence—Electric light company — Stringing wires through trees—Duty to inspect—Notice—Case for jury.*

1. The mere construction of an electric wire through trees does not constitute actionable negligence.

2. An electric light company which strings its wires through trees, is bound to adopt reasonable precautions so as to discover a break in the wires, and this is especially so after unusual storms.

3. A general practice to examine the wires three times a week, in a rather cursory manner, does not as a matter of law discharge the company from its obligation to observe due care as to the condition of the wires.

4. An electric light company is entitled to a fair time to correct a trouble with its wires which may be suddenly occasioned, but what attention is required necessarily varies with the circumstances, and it is for the jury to say whether the proper supervision had been exercised, having regard to the character of the wiring, the current which it carries, the density of the population of the neighborhood, and the probability of causing an accident due to the closeness of the construction to a traveled road.

Argued January 16, 1924. Appeals, Nos. 133, 134, Jan. T., 1924, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1921, No. 6027, on verdict for plaintiffs, in case of Daniel Schrull, a minor, by his father and next friend David Schrull, and David Schrull in his own right, v. Philadelphia Suburban Gas & Electric Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before STERN, J.

The opinion of the Supreme Court states the facts.

Judgment and verdict for Daniel Schrull, $15,000 and for David Schrull, $5,000. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Owen J. Roberts,* for appellant.—Plaintiff did not sustain the burden of proving negligence: Lanning v. Ry., 229 Pa. 575; Patterson C. & S. Co. v. Rys., 37 Pa. Superior Ct. 212; Kahn v. E. L. Co., 238 Pa. 70; Cavanaugh v. Light Co., 226 Pa. 86; Aument v. Telephone Co., 28 Pa. Superior Ct. 610.

The authorities are contrary to the court's ruling, and do not justify its leaving the question to the jury or overruling the motion for judgment: Morgan v. Elec. Co., 213 Pa. 151; Berstein v. Elec. Co., 235 Pa. 53; Dugan v. Elec. Co., 241 Pa. 259.

*Francis Shunk Brown,* for appellee, cited: Yeager v. Elec. Co., 242 Pa. 101; Fitzgerald v. Elec. Co., 200 Pa. 540; Smith v. Elec. Co., 255 Pa. 165; Grossheim v. Tel. Co., 255 Pa. 382.

OPINION BY MR. JUSTICE SADLER, February 18, 1924:

Defendant was the distributor of electric current in the territory adjoining Philadelphia, and made use of

the poles of a trolley company, having placed upon the uppermost of three cross-arms two electric wires for lighting purposes, and, as well, three additional, used for the supplying of power. The line was constructed along a much-traveled thoroughfare, and passed through trees, which had been trimmed some months prior to the happening of the unfortunate accident, which occurred August 18, 1920. No just complaint of the manner of construction adopted by the defendant was supported by the evidence, and the case as finally developed turned upon the question as to whether there had been proper inspection of the line to discover possible defects.

On the day prior to the injury a storm had occurred, followed by another within twenty-four hours, and one of the wires of defendant company shown it to have been in bad condition, was observed to fall about five o'clock on the afternoon of the 18th. The boy, plaintiff here, walking along the cinder path adjacent to the electric line, in some way came in contact with the broken span, and was severely injured. This action was brought on his behalf, and that of his father, to recover the damages sustained.

The learned court, in its charge to the jury, practically eliminated all questions except the failure to make proper examination of the highly charged lines. It was insisted that, in view of the unusual storms, effort should have been made by the defendant to discover any displacement of its wires, passing, as they did, along the much-used public highway; and, having failed to do so, was liable for the injury, if it could have been avoided by the exercise of reasonable care.

We first observe, the actual fall of the wire, according to the witness Huber, took place but a short time before the accident, though flashes of light in the adjacent foliage had been noticed the previous night, which indicated the existence of some unusual condition. The mere construction of the line through the trees did not constitute

actionable negligence: Morris v. Jefferson Elec. Co., 278 Pa. 361. A duty, however, remained to adopt reasonable precautions so as to discover a break in the wires such as here took place. The testimony disclosed that no proper check for faults on a line could be made at the power house, but this did not relieve the company from its duty to make due inspection of its wires in settled communities following two violent electrical storms. The general practice to examine three times a week, in a rather cursory manner, as proven, did not, as a matter of law, discharge defendant from this obligation.

No actual notice of the falling of the wire was given to the defendant until a short time prior to the accident, but this did not avoid the responsibility of making its own investigation to determine possible breaks, in view of the storm conditions. If, as testified to by Salkin, the defect in the line was plainly observable twenty hours before Schrull was injured,—though the testimony of Huber would indicate that its actual fall to the ground was later,—it was for the jury to say whether, under the circumstances, a proper inspection had been made. Its conclusion that a reasonable inspection would have disclosed the broken wire, and that defendant was negligent in failing to make it, was warranted by the evidence.

Of course, in such cases the company is entitled to a fair time and opportunity to discover and correct the trouble which may be suddenly occasioned, but what attention is required necessarily varies with the circumstances, and it is for the jury to say whether the proper supervision had been exercised, having regard to the character of the wiring, the current which it carried, the density of the population of the neighborhood, and the probability of causing an accident due to the closeness of the construction to the traveled road: Grossheim v. Pittsburgh & Allegheny Tel. Co., 255 Pa. 382; Green v. West Penn Ry., 246 Pa. 340; Yeager v. The Edison Elec. Co., 246 Pa. 434. A review of the testimony submitted convinces us that the question of proper examination was

fairly submitted to the jury, and its finding that reasonable care had not been taken was justified, from which it follows that a verdict against the defendant, for the injuries undoubtedly suffered by the plaintiff, was correctly rendered. Without special reference, the assignments of error are overruled.

The judgment is affirmed.