# Frank Di Giovachini *v*. American Ice Company, Inc., Appellant.

*Negligence—Horse-driven vehicle—Children playing in streets— Accident—Evidence—Case for jury.*

In an action of trespass to recover damages for the death of a minor child, it appeared that the deceased, with other children to the number of fifty, was playing in the city street. It also appeared that the servant of the defendant, driving a three-horse wagon, had driven rapidly through the crowd of children, scattering them, and striking and killing the plaintiff's son.

*Held,* that the case was for the jury and a verdict for plaintiff will be sustained.

The testimony that the driver did not see the boy at the time he was knocked down by the horse did not establish that the latter had dashed out in front of the team, and the court could not, as a matter of law, say that he had been guilty of contributory negligence.

Argued November 11, 1924. Appeal. No. 109, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, July T., 1923, No. 1256, on verdict for plaintiff in the case of Frank Di Giovachini v. American Ice Company, Inc. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for death of minor child. Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $6,000. Subsequently the plaintiff filed a remittitur for all in excess of $2,500 and judgment was entered thereon. Defendant appealed.

*Error assigned* was, among others, refusal of defendant's motion for judgment non obstante veredicto.

*Frank R. Savidge,* for appellant.

*D. G. Murphy,* of *Murphy and Levy;* for appellee.

OPINION BY HENDERSON, J., February 27, 1925:

The plaintiff's son, aged five years and nine months, was killed while playing with a group of children estimated at from sixty-five to eighty in number on 51st Street in Philadelphia, on an afternoon in the latter part of June, 1923. A team of three horses attached to an ice wagon was driven by a servant of the defendant and was proceeding eastwardly on Kershaw Street at the intersection of which street with 51st Street the driver turned the team southwardly into 51st Street without giving sufficient notice, as was alleged, to the children on the latter street to escape in safety. The plaintiff's son was struck and trampled by the horse at the right of the team so that he died soon after being taken to a hospital. The evidence for the plaintiff showed that the team was driven rapidly around the corner; some of the witnesses saying on a "gallop" and others that the horses were trotting or moving rapidly. The children had been attracted by water flowing from a city hydrant at the corner and had been there for some time. They were in plain view of the driver of the team before he turned into 51st Street. There was evidence that he gave no warning to the children and that they "scattered" or "scrambled" out of the way of the team. It also appeared that some

of the witnesses gave warning to the driver when he was approaching 51st Street to look out for the children. There was abundant evidence to support the charge that the team was driven rapidly and carelessly at the place of the accident, consideration being had of the large crowd of young children playing there. No objection was made to the charge of the court except with respect to the answers to the points of the defendant, and the only subjects brought to our attention by the statement of the questions involved are the answer of the court to the defendant's first point and the excessive amount of the verdict. The point was properly refused because it involves a theory of the defendant not supported by any evidence. The driver of the team did not see the boy at the time he was knocked down by the horse and no witness testified that he ran into the path of the wagon back of the horses, or that suddenly and without giving previous indication so to do he went from the sidewalk into the street just after the horses passed. There was clear and direct evidence that the boy was in the street or on the curb and that he was run over by the team. There was no room therefore under all of the evidence in the case for an inference or supposition or assumption that the child suddenly put himself in the way of the horses. It is the duty of the trial judge to submit the case to the jury as presented in the evidence, but neither court nor jury can properly dispose of a case on a guess or imagination. It does not at all follow because the driver testified that he did not see the boy that the latter dashed out in front of the team. If, as the evidence of some of the witnesses tended to show, the driver was intoxicated or was driving with slacked rein and giving no attention to the movement of the team, or was looking at the crowd of children as they ran out of his way, it might well be that he would not notice a child at the curb or near the hydrant. That the boy was there however was clearly shown by several witnesses and none of the testimony gave any warrant for the conclusion

that he heedlessly ran against the horse.    The first assignment must therefore be overruled.

The objection to the amount of the verdict as reduced is not sustained.    It is not clearly excessive and is much less than was allowed in Sebring v. Bell Telephone Co., 275 Pa. 131.

· It follows, from what has already been said, that the court could not, with due regard for the evidence, have given binding instructions for the defendant as requested in the second point.    The case was clearly for the jury.

The judgment is affirmed.